**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 24-cv-61983-WPD**

CATHERINE KUEPPERS, KATHLEEN SUMMY, WATANYA BROWN, and ASHTON HIGGINBOTHAM, individually and on behalf of all others similarly situated,
Plaintiffs,
v.

ZUMBA FITNESS, LLC,

Defendant.
_______________________________________/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT[1]**

Defendant, Zumba Fitness, LLC ("**Defendant**"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby files it Answer and Affirmative Defenses to Plaintiffs', Catherine Kueppers ("**Kueppers**"), Kathleen Summy ("**Summy**"), Watanya Brown ("**Brown**"), and Ashton Higginbotham ("**Higginbotham**") (collectively "**Plaintiffs**"), Second Amended Class Action Complaint (the "**Complaint**") [ECF No. 34], and states:

## INTRODUCTION

Defendant admits the allegations set forth in Plaintiffs' Introduction paragraph *only* to the extent Plaintiffs claim to make allegations, individually and on behalf of all others purportedly similarly situated to Plaintiffs, against Defendant. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[1] No response is required to Footnote 1 of Plaintiffs' Second Amended Complaint.

CASE NO.: 24-cv-61983-WPD

## NATURE OF CASE

1. Defendant admits the allegations set forth in Paragraph 1 of Plaintiffs' Second Amended Complaint *only* to the extent Plaintiffs claim to bring this action based on allegations that Defendant has purportedly violated the federal Video Privacy Protection Act ("**VPPA**"), 18 U.S.C. § 2710. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

2. Defendant denies the allegations set forth in Paragraph 2 of Plaintiffs' Second Amended Complaint.

3. Defendant denies the allegations set forth in Paragraph 3 of Plaintiffs' Second Amended Complaint.

4. Defendant denies the allegations set forth in Paragraph 4 of Plaintiffs' Second Amended Complaint.

5. Defendant denies the allegations set forth in Paragraph 5 of Plaintiffs' Second Amended Complaint.

6. Defendant admits the allegations set forth in Paragraph 6 of Plaintiffs' Second Amended Complaint *only* to the extent the provisions of VPPA speaks for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever.

Defendant further denies this case is suitable for class action treatment.

7. Defendant admits the allegations set forth in Paragraph 7 of Plaintiffs' Second Amended Complaint *only* to the extent Plaintiffs claim to bring this action, individually and on behalf of all others purportedly similarly situated to Plaintiffs, based on allegations that Defendant has purportedly violated VPPA. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

## PARTIES

### I. Plaintiff Catherine Kueppers

8. Defendant is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 8 of Plaintiffs' Second Amended Complaint and, therefore, denies said allegations and demands strict proof thereof.

9. Defendant is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 9 of Plaintiffs' Second Amended Complaint and, therefore, denies said allegations and demands strict proof thereof.

10. Defendant denies as phrased the allegations set forth in Paragraph 10 of Plaintiffs' Second Amended Complaint, and states, for the sake of clarity and completeness, that the on-demand Zumba Instructor Training Course is not a standalone pre-recorded video; rather, the Course, which is a business-to-business training taken by dance/fitness professionals to enable them to obtain an intellectual property license to promote and teach Zumba classes to the public, consists of various components including course materials in the form of .pdfs, quizzes, and numerous standalone videos on different aspects of the Zumba program and its component parts.

11. Defendant denies as phrased the allegations set forth in Paragraph 11 of Plaintiffs' Second Amended Complaint, and states, for the sake of clarity and completeness, that the on-demand Zumba Instructor Training Course is not a standalone pre-recorded video; rather, the Course, which is a business-to-business training taken by dance/fitness professionals to enable them to obtain an intellectual property license to promote and teach Zumba classes to the public, consists of various components including course materials in the form of .pdfs, quizzes, and numerous standalone videos on different aspects of the Zumba program and its component parts.

12. Defendant denies as phrased the allegations set forth in Paragraph 12 of Plaintiffs' Second Amended Complaint, and states, for the sake of clarity and completeness, that the on-demand Zumba Instructor Training Course is not a standalone pre-recorded video; rather, the Course, which is a business-to-business training taken by dance/fitness professionals to enable them to obtain an intellectual property license to promote and teach Zumba classes to the public, consists of various components including course materials in the form of .pdfs, quizzes, and numerous standalone videos on different aspects of the Zumba program and its component parts.

13. Defendant is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 13 of Plaintiffs' Second Amended Complaint regarding Plaintiff Kueppers' claim she "had a Meta account, a Meta profile, and an FID associated with such profile" and, therefore, denies said allegations and demands strict proof thereof. Defendant denies as phrased the remainder of the allegations set forth in Paragraph 13 of Plaintiffs' Second Amended Complaint, and states, for the sake of clarity and completeness, that the on-demand Zumba Instructor Training Course is not a standalone pre-recorded video; rather, the Course, which is a business-to-business training taken by dance/fitness professionals to enable them to obtain an intellectual property license to promote and teach Zumba classes to the public, consists

of various components including course materials in the form of .pdfs, quizzes, and numerous standalone videos on different aspects of the Zumba program and its component parts.

14. Defendant is without sufficient information and knowledge to form a belief as to whether Plaintiff Kueppers "has watched the prerecorded videos" as alleged in Paragraph 14 of Plaintiffs' Second Amended Complaint and, therefore, denies said allegations and demands strict proof thereof. Defendant denies as phrased the remainder of the allegations set forth in Paragraph 14 of Plaintiffs' Second Amended Complaint, and states, for the sake of clarity and completeness, that the on-demand Zumba Instructor Training Course is not a standalone pre-recorded video; rather, the Course, which is a business-to-business training taken by dance/fitness professionals to enable them to obtain an intellectual property license to promote and teach Zumba classes to the public, consists of various components including course materials in the form of .pdfs, quizzes, and numerous standalone videos on different aspects of the Zumba program and its component parts.

15. Defendant denies the allegations set forth in Paragraph 15 of Plaintiffs' Second Amended Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of Plaintiffs' Second Amended Complaint.

17. Defendant denies as phrased the allegations set forth in Paragraph 17 of Plaintiffs' Second Amended Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of Plaintiffs' Second Amended Complaint.

**II. Plaintiff Watanya Brown**


COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: 24-cv-61983-WPD

19. Defendant is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 19 of Plaintiffs' Second Amended Complaint and, therefore, denies said allegations and demands strict proof thereof.

20. Defendant is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 20 of Plaintiffs' Second Amended Complaint and, therefore, denies said allegations and demands strict proof thereof.

21. Defendant denies as phrased the allegations set forth in Paragraph 21 of Plaintiffs' Second Amended Complaint, and states, for the sake of clarity and completeness, that the on-demand Zumba Instructor Training Course is not a standalone pre-recorded video; rather, the Course, which is a business-to-business training taken by dance/fitness professionals to enable them to obtain an intellectual property license to promote and teach Zumba classes to the public, consists of various components including course materials in the form of .pdfs, quizzes, and numerous standalone videos on different aspects of the Zumba program and its component parts.

22. Defendant denies as phrased the allegations set forth in Paragraph 22 of Plaintiffs' Second Amended Complaint, and states, for the sake of clarity and completeness, that the on-demand Zumba Instructor Training Course is not a standalone pre-recorded video; rather, the Course, which is a business-to-business training taken by dance/fitness professionals to enable them to obtain an intellectual property license to promote and teach Zumba classes to the public, consists of various components including course materials in the form of .pdfs, quizzes, and numerous standalone videos on different aspects of the Zumba program and its component parts.

23. Defendant denies as phrased the allegations set forth in Paragraph 23 of Plaintiffs' Second Amended Complaint, and states, for the sake of clarity and completeness, that the on-demand Zumba Instructor Training Course is not a standalone pre-recorded video; rather, the

Course, which is a business-to-business training taken by dance/fitness professionals to enable them to obtain an intellectual property license to promote and teach Zumba classes to the public, consists of various components including course materials in the form of .pdfs, quizzes, and numerous standalone videos on different aspects of the Zumba program and its component parts.

24. Defendant is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 24 of Plaintiffs' Second Amended Complaint regarding Plaintiff Brown's claim she "had a Meta account, a Meta profile, and an FID associated with such profile" and, therefore, denies said allegations and demands strict proof thereof. Defendant denies as phrased the remainder of the allegations set forth in Paragraph 36 of Plaintiffs' Second Amended Complaint, and states, for the sake of clarity and completeness, that the on-demand Zumba Instructor Training Course is not a standalone pre-recorded video; rather, the Course, which is a business-to-business training taken by dance/fitness professionals to enable them to obtain an intellectual property license to promote and teach Zumba classes to the public, consists of various components including course materials in the form of .pdfs, quizzes, and numerous standalone videos on different aspects of the Zumba program and its component parts.

25. Defendant is without sufficient information and knowledge to form a belief as to whether Plaintiff Brown "has watched the prerecorded videos" as alleged in Paragraph 25 of Plaintiffs' Second Amended Complaint and, therefore, denies said allegations and demands strict proof thereof. Defendant denies as phrased the remainder of the allegations set forth in Paragraph 37 of Plaintiffs' Second Amended Complaint, and states, for the sake of clarity and completeness, that the on-demand Zumba Instructor Training Course is not a standalone pre-recorded video; rather, the Course, which is a business-to-business training taken by dance/fitness professionals to enable them to obtain an intellectual property license to promote and teach Zumba classes to

the public, consists of various components including course materials in the form of .pdfs, quizzes, and numerous standalone videos on different aspects of the Zumba program and its component parts.

26. Defendant denies the allegations set forth in Paragraph 26 of Plaintiffs' Second Amended Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of Plaintiffs' Second Amended Complaint.

28. Defendant is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 28 of Plaintiffs' Second Amended Complaint and, therefore, denies said allegations and demands strict proof thereof.

29. Defendant denies as phrased the allegations set forth in Paragraph 29 of Plaintiffs' Second Amended Complaint.

**III. Defendant Zumba Fitness LLC**

30. Defendant admits the allegations set forth in Paragraph 30 of Plaintiffs' Second Amended Complaint for jurisdictional purposes *only*.

31. Defendant admits the allegations set forth in Paragraph 31 of Plaintiffs' Second Amended Complaint.

32. Defendant admits the allegations set forth in Paragraph 32of Plaintiffs' Second Amended Complaint for jurisdictional purposes *only*.

**JURISDICTION AND VENUE**

33. Defendant admits the allegations set forth in Paragraph 33 of Plaintiffs' Second Amended Complaint for jurisdictional and venue purposes *only*.

34. Defendant admits the allegations set forth in Paragraph 34 of Plaintiffs' Second Amended Complaint for jurisdictional and venue purposes *only*.

**VIDEO PRIVACY PROTECTION ACT**

35. Defendant admits the allegations set forth in Paragraph 35 of Plaintiffs' Second Amended Complaint *only* to the extent the provisions of VPPA speaks for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

36. Defendant admits the allegations set forth in Paragraph 36 of Plaintiffs' Second Amended Complaint *only* to the extent the provisions of VPPA speaks for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

37. Defendant admits the allegations set forth in Paragraph 37 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced Senate Report speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

38. Defendant admits the allegations set forth in Paragraph 38 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced Congressional Record speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

39. Defendant admits the allegations set forth in Paragraph 39 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced statements speak for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[2]

40. Defendant admits the allegations set forth in Paragraph 40 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced statements speak for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[3]

41. Defendant denies the allegations set forth in Paragraph 41 of Plaintiffs' Second Amended Complaint.

**BACKGROUND FACTS**

**VIDEO PRIVACY PROTECTION ACT**

## I. Consumers' Personal Information has Real Market Value

42. Defendant admits the allegations set forth in Paragraph 42 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced statements speak for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever.

---

[2] Defendant admits the allegations set forth in Footnote 2 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at http://www.judiciary.senate.gov/meetings/the-video-privacy-protectionact-protecting-viewer-privacy-in-the-21stcentury speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[3] Defendant admits the allegations set forth in Footnote 3 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at franken.senate.gov speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

Defendant further denies this case is suitable for class action treatment.[4]

43. Defendant admits the allegations set forth in Paragraph 43 of Plaintiffs' Complaint *only* to the extent the referenced information contained in Footnote 5 of Plaintiffs' Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[5]

44. Defendant admits the allegations set forth in Paragraph 44 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced information contained in Footnote 6 of Plaintiffs' Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[6]

45. Defendant admits the allegations set forth in Paragraph 45 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced information contained in Footnote 7 of Plaintiffs' Second Amended Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this

---

[4] Defendant admits the allegations set forth in Footnote 4 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.ftc.gov/sites/default/files/documents/public_events/information-marketplacemerging-and-exchanging-consumer-date/transcript.pdf speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[5] Defendant admits the allegations set forth in Footnote 5 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www/wsj.com/articles/SB10001424052748703529004576160764037920274 speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[6] Defendant admits the allegations set forth in Footnote 6 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.ftc.gov/sites/default/files/documents/public_statements/remarks-ftc-exploringprivacy-roundtable/091207privacyroundtable.pdf speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.


**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

case is suitable for class action treatment.[7]

46. Defendant admits the allegations set forth in Paragraph 46 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced information contained in Footnote 8 of Plaintiffs' Second Amended Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[8]

47. Defendant admits the allegations set forth in Paragraph 47 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced information contained in Footnote 9 of Plaintiffs' Second Amended Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[9]

48. Defendant admits the allegations set forth in Paragraph 48 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced information contained in Footnote 10 of Plaintiffs' Second Amended Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members,

---

[7] Defendant admits the allegations set forth in Footnote 7 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at http://moneyland.time.com/2012/07/31/big-data-knows-what-youredoing-right-now/ speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[8] Defendant admits the allegations set forth in Footnote 8 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.nytimes.com/2012/06/17/technology/acxiom-the-quietgiant-of-consumer-database-marketing.html#:-:text=It's%20called%20the%20Acxiom%20Corporation,to%20know%20much%20C%20much%20more speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[9] Defendant admits the allegations set forth in Footnote 9 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.commerce.senate.gov/services/files/3bb94703-5ac8-4157-a97b-%20a658c3c3061c speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.


COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[10]

49. Defendant admits the allegations set forth in Paragraph 49 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced information contained in Footnote 11 of Plaintiffs' Second Amended Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[11]

50. Defendant denies the allegations set forth in Paragraph 50 of Plaintiffs' Complaint.

## II. Consumers Place Monetary Value on Their Privacy and Consider Privacy Practices When Making Purchases

51. Defendant is without sufficient information and knowledge to form a belief as to the allegations set forth in Paragraph 51 of Plaintiffs' Second Amended Complaint and, therefore, denies said allegations and demands strict proof thereof.

52. Defendant admits the allegations set forth in Paragraph 52 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced survey speaks for itself.[12] Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever.

---

[10] Defendant admits the allegations set forth in Footnote 9 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.commerce.senate.gov/services/files/3bb94703-5ac8-4157-a97b-%20a658c3c3061c speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[11] Defendant admits the allegations set forth in Footnote 11 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.nytimes/com/2007/05/20/business/20tele.html speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[12] Defendant admits the allegations set forth in Footnote 12 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at http://www.theagitator.net/wpcontent/uploads/012714_ConsumerConfidenceReport_US1.pdf speak for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

Defendant further denies this case is suitable for class action treatment.[13]

53. Defendant admits the allegations set forth in Paragraph 53 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced information contained in Footnote 14 of Plaintiffs' Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[14]

54. Defendant admits the allegations set forth in Paragraph 54 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced information contained in Footnote 15 of Plaintiffs' Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[15]

55. Defendant admits the allegations set forth in Paragraph 55 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced information contained in Footnote 16 of Plaintiffs' Second Amended Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this

[13] Defendant admits the allegations set forth in Footnote 13 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at http://www.theagitator.net/wpcontent/uploads/012714_ConsumerConfidenceReport_US1.pdf speak for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[14] Defendant admits the allegations set forth in Footnote 14 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https//www.nytimes.com/2012/02/13/technology/start-ups-aim-tohelp-users-put-a-price-on-their-personal-data.html speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[15] Defendant admits the allegations set forth in Footnote 16 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at *The Effect of Online Privacy Information on Purchasing Behavior*, 22(2) Information Systems Research 254, 254 (2011) and https://www.enisa.europa.eu/publications/monetising-privacy speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

case is suitable for class action treatment.[16]

## III. Defendant is a Video Tape Service Provider

56. Defendant denies as phrased the allegations set forth in Paragraph 56 of Plaintiffs' Second Amended Complaint.

57. Defendant denies as phrased the allegations set forth in Paragraph 57 of Plaintiffs' Second Amended Complaint.

58. Defendant admits the allegations set forth in Paragraph 58 of Plaintiffs' Second Amended Complaint *only* to the extent the superimposed image within said Paragraph and the information contained in Footnote 17 of Plaintiffs' Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[17]

59. Defendant admits the allegations set forth in Paragraph 59 of Plaintiffs' Second Amended Complaint *only* to the extent the superimposed image within Paragraph 83 and the information contained in Footnote 18 of Plaintiffs' Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[18]

---

[16] Defendant admits the allegations set forth in Footnote 16 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.comp.nus.edu.sg/-ipng/research/privacy.pdf speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[17] Defendant admits the allegations set forth in Footnote 18 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.zumba/com/en-US/trainings speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[18] Defendant admits the allegations set forth in Footnote 18 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.zumba/com/en-US/trainings speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and

60. Defendant admits the allegations set forth in Paragraph 60 of Plaintiffs' Second Amended Complaint *only* to the extent the information contained in Footnote 19 of Plaintiffs' Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[19]

61. Defendant admits the allegations set forth in Paragraph 61 of Plaintiffs' Second Amended Complaint *only* to the extent the superimposed image within Paragraph 83 speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment

62. Defendant admits the allegations set forth in Paragraph 62 of Plaintiffs' Second Amended Complaint *only* to the extent the superimposed image within said Paragraph and the information contained in Footnote 21 of Plaintiffs' Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[20]

63. Defendant admits the allegations set forth in Paragraph 63 of Plaintiffs' Second

---

that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[19] Defendant admits the allegations set forth in Footnote 19 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.zumba/com/en-US/become-a-zumba-instructor speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[20] Defendant admits the allegations set forth in Footnote 20 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.zumba/com/en-US/class_search?searchType=vod&startDate=2024-10-21&startTime=0&endTime=24&days=&workoutLevels=any&orderBy=weighted&classTypes=zumba%2Czumba-step%2Czumba-toning%2Caqua-zumba%2Czumba-sentao%2Czumbagold%2Czumba-gold-toning%2Czumba-kids-jr%2Czumba-in-thecircuit&music=&showSavedInstructorsFirst=1 speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

Amended Complaint however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment

**IV. Defendant Purportedly Uses Tracking Pixels on the Website to Systemically Disclose its Customers' Private Video Information to Meta and Pinterest**

64. Paragraph 64 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

65. Paragraph 65 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph. .

66. Paragraph 66 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

67. Paragraph 67 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

68. Paragraph 68 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

69. Paragraph 69 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said

Paragraph.

70. Defendant denies the allegations set forth in Paragraph 70 of Plaintiffs' Second Amended Complaint.

**A. The Meta Pixel**

71. Defendant denies the allegations set forth in Paragraph 71 of Plaintiffs' Second Amended Complaint.

72. Defendant denies the allegations set forth in Paragraph 72 of Plaintiffs' Second Amended Complaint.

73. Paragraph 73 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

74. Paragraph 74 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

75. Defendant denies the allegations set forth in Paragraph 75 of Plaintiffs' Second Amended Complaint.

76. Defendant admits the allegations set forth in Paragraph 76 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced information contained in Footnote 21 of Plaintiffs' Second Amended Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this

case is suitable for class action treatment.[21]

77. Paragraph 77 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

78. Defendant admits the allegations set forth in Paragraph 78 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced information contained in Footnotes 23 and 24 of Plaintiffs' Second Amended Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[22][23]

79. Defendant admits the allegations set forth in Paragraph 79 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced information contained in Footnote 25 of Plaintiffs' Second Amended Complaint speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[24]

---

[21] Defendant admits the allegations set forth in Footnote 21 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://about.fb.com/company-info./ speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[22] Defendant admits the allegations set forth in Footnote 22 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://developers.facebook.com/docs/meta-pixel/get-started/ speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[23] Defendant admits the allegations set forth in Footnote 23 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at www.facebook.com/4 and www.facebook.com/zuck speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[24] Defendant admits the allegations set forth in Footnote 24 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.facebook.com/business/help/742478679129153?id=1205376682832142 speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever.

80. Defendant admits the allegations set forth in Paragraph 81 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced Business Tools Terms speaks for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[25]

81. Defendant admits the allegations set forth in Paragraph 82 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced Business Tools Terms speaks for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

82. Defendant admits the allegations set forth in Paragraph 82 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced Business Tools Terms speaks for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[26]

83. Defendant admits the allegations set forth in Paragraph 83 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced Business Tools Terms speaks for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any

---

Defendant further denies this case is suitable for class action treatment.

[25] Defendant admits the allegations set forth in Footnote 25 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.facebook.com/legal/technology_terms speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[26] Defendant admits the allegations set forth in Footnote 26 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.facebook.com/legal/technology_terms speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[27]

84. Defendant admits the allegations set forth in Paragraph 84 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced Business Tools Terms speaks for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[28]

85. Paragraph 85 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

86. Paragraph 86 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

87. Paragraph 87 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

88. Defendant admits the allegations set forth in Paragraph 88 of Plaintiffs' Second Amended Complaint *only* to the extent the referenced Business Tools Terms speaks for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any

[27] Defendant admits the allegations set forth in Footnote 27 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.facebook.com/legal/technology_terms speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[28] Defendant admits the allegations set forth in Footnote 28 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.facebook.com/legal/technology_terms speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.


**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[29]

89. Paragraph 89 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[30]

90. Paragraph 90 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

91. Defendant denies the allegations set forth in Paragraph 91 of Plaintiffs' Second Amended Complaint.

92. Defendant denies the allegations set forth in Paragraph 92 of Plaintiffs' Second Amended Complaint.

93. Defendant denies the allegations set forth in Paragraph 93 of Plaintiffs' Second Amended Complaint.

94. Defendant denies the allegations set forth in Paragraph 94 of Plaintiffs' Second Amended Complaint.

95. Defendant admits the allegations set forth in Paragraph 95 of Plaintiffs' Second Complaint *only* to the extent the superimposed image within said Paragraph and information contained within Footnote 31 of Plaintiffs' Complaint speaks for itself.

---

[29] Defendant admits the allegations set forth in Footnote 29 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.facebook.com/legal/technology_terms speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[30] Paragraph 89 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph

Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.[31]

96. Defendant denies the allegations set forth in Paragraph 96 of Plaintiffs' Second Amended Complaint.

97. Defendant denies the allegations set forth in Paragraph 97 of Plaintiffs' Second Amended Complaint.

98. Defendant denies the allegations set forth in Paragraph 98 of Plaintiffs' Second Amended Complaint.

99. Defendant denies the allegations set forth in Paragraph 99 of Plaintiffs' Second Amended Complaint.

100. Defendant denies the allegations set forth in Paragraph 100 of Plaintiffs' Second Amended Complaint.

101. Defendant denies the allegations set forth in Paragraph 101 of Plaintiffs' Second Amended Complaint.[32]

102. Defendant denies the allegations set forth in Paragraph 102 of Plaintiffs' Second Amended Complaint.

103. Defendant denies the allegations set forth in Paragraph 103 of Plaintiffs' Second Amended Complaint.

[31] Defendant admits the allegations set forth in Footnote 31 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://www.zumba/com/en-US/training/register#/category speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[32] Defendant admits the allegations set forth in Footnote 32 of Plaintiffs' Second Amended Complaint *only* to the extent Plaintiffs claim "the name of [the] individual who purchased the on-demand video materials and the name of the materials they purchased are circled in" the superimposed image contained in Paragraph 101 of Plaintiffs' Second Complaint.

104. Defendant denies the allegations set forth in Paragraph 104 of Plaintiffs' Second Amended Complaint.

105. Defendant denies the allegations set forth in Paragraph 105 of Plaintiffs' Second Amended Complaint.

106. Defendant denies the allegations set forth in Paragraph 106 of Plaintiffs' Second Amended Complaint.

107. Defendant denies the allegations set forth in Paragraph 107 of Plaintiffs' Second Amended Complaint.

108. Defendant denies the allegations set forth in Paragraph 108 of Plaintiffs' Second Amended Complaint.

109. Defendant denies the allegations set forth in Paragraph 109 of Plaintiffs' Second Amended Complaint.

110. Paragraph 110 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

111. Defendant denies the allegations set forth in Paragraph 111 of Plaintiffs' Second Amended Complaint.

112. Paragraph 112 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

113. Defendant denies the allegations set forth in Paragraph 113 of Plaintiffs' Second Amended Complaint

114. Defendant denies the allegations set forth in Paragraph 114 of Plaintiffs' Second Amended Complaint.

115. Defendant denies the allegations set forth in Paragraph 115 of Plaintiffs' Second Amended Complaint.

116. Defendant denies the allegations set forth in Paragraph 116 of Plaintiffs' Second Amended Complaint.

117. Defendant denies the allegations set forth in Paragraph 117 of Plaintiffs' Second Amended Complaint.

118. Defendant denies the allegations set forth in Paragraph 118 of Plaintiffs' Second Amended Complaint.

119. Defendant denies the allegations set forth in Paragraph 119 of Plaintiffs' Second Amended Complaint.

120. Defendant denies the allegations set forth in Paragraph 120 of Plaintiffs' Second Amended Complaint.

121. Defendant denies the allegations set forth in Paragraph 121 of Plaintiffs' Second Amended Complaint.

### B. Pinterest

122. Defendant denies the allegations set forth in Paragraph 122 of Plaintiffs' Second Amended Complaint.

123. Paragraph 123 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

124. Defendant denies the allegations set forth in Paragraph 124 of Plaintiffs' Second Amended Complaint.

125. Defendant denies the allegations set forth in Paragraph 125 of Plaintiffs' Second Amended Complaint.

126. Defendant denies the allegations set forth in Paragraph 126 of Plaintiffs' Second Amended Complaint.

127. Defendant denies the allegations set forth in Paragraph 127 of Plaintiffs' Second Amended Complaint.

128. Defendant denies the allegations set forth in Paragraph 128 of Plaintiffs' Second Amended Complaint.

129. Defendant denies the allegations set forth in Paragraph 129 of Plaintiffs' Second Amended Complaint.

### C. Google

130. Defendant denies the allegations set forth in Paragraph 130 of Plaintiffs' Second Amended Complaint.

131. Paragraph 131 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[33]

132. Paragraph 132 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[34]

133. Paragraph 133 of Plaintiffs' Second Amended Complaint does not assert an allegation directly

---

[33] Defendant admits the allegations set forth in Footnote 33 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://developers.google.com/analytics/devguides/collection/ga4 speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[34] Defendant admits the allegations set forth in Footnote 34 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://developers.google.com/analytics/devguides/collection/ga4/tag-options speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing andthat Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.


COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

against Defendant and, therefore, Defendant has no response to said Paragraph.[35]

134. Paragraph 134 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[36]

135. Paragraph 135 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[37]

136. Paragraph 136 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

137. Paragraph 137 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[38]

138. Defendant denies the allegations set forth in Paragraph 138 of Plaintiffs' Second Amended Complaint.

139. Defendant denies the allegations set forth in Paragraph 139 of Plaintiffs' Second Amended Complaint.

140. Defendant denies the allegations set forth in Paragraph 140 of Plaintiffs' Second Amended Complaint.

141. Defendant denies the allegations set forth in Paragraph 141 of Plaintiffs' Second Amended Complaint.

---

[35] Defendant admits the allegations set forth in Footnote 35 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://developers.google.com/analytics/devguides/collection/ga4/tag-options speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[36] Defendant admits the allegations set forth in Footnote 36 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://developers.google.com/analytics/devguides/collection/ga4/events?client_type=gtag speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[37] Defendant admits the allegations set forth in Footnote 38 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://support.google.com/analytics/answer/9267735 speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[38] Defendant admits the allegations set forth in Footnote 38 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at https://developers.google.com/analytics/devguides/collection/protocol/ga4/sendingevents?client_type=firebase speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.


COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: 24-cv-61983-WPD

142. Defendant admits the allegations set forth in Paragraph 142 of Plaintiffs' Second Amended Complaint *only* to the extent the superimposed image within said Paragraph speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

143. Defendant denies the allegations set forth in Paragraph 143 of Plaintiffs' Second Amended Complaint.

144. Defendant denies the allegations set forth in Paragraph 144 of Plaintiffs' Second Amended Complaint.

145. Defendant denies the allegations set forth in Paragraph 145 of Plaintiffs' Second Amended Complaint.

146. Defendant denies the allegations set forth in Paragraph 146 of Plaintiffs' Second Amended Complaint.

147. Defendant denies the allegations set forth in Paragraph 147 of Plaintiffs' Second Amended Complaint.

**D. Twitter**

148. Defendant denies the allegations set forth in Paragraph 148 of Plaintiffs' Second Amended Complaint.

149. Paragraph 149 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[39]

150. Paragraph 150 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[40]

151. Paragraph 151 of Plaintiffs' Second Amended Complaint does not assert an allegation directly

[39] Defendant admits the allegations set forth in Footnote 39 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at the referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[40] Defendant admits the allegations set forth in Footnote 40 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at the referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

against Defendant and, therefore, Defendant has no response to said Paragraph.[41]

152. Paragraph 152 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

153. Paragraph 153 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

154. Defendant denies the allegations set forth in Paragraph 154 of Plaintiffs' Second Amended Complaint.

155. Defendant denies the allegations set forth in Paragraph 155 of Plaintiffs' Second Amended Complaint.

156. Defendant denies the allegations set forth in Paragraph 156 of Plaintiffs' Second Amended Complaint.

157. Defendant denies the allegations set forth in Paragraph 157 of Plaintiffs' Second Amended Complaint.

158. Defendant denies the allegations set forth in Paragraph 158 of Plaintiffs' Second Amended Complaint.

159. Defendant denies the allegations set forth in Paragraph 159 of Plaintiffs' Second Amended Complaint.

160. Defendant denies the allegations set forth in Paragraph 160 of Plaintiffs' Second Amended Complaint.

161. Defendant denies the allegations set forth in Paragraph 161 of Plaintiffs' Second Amended Complaint.

### E. Hubspot

162. Defendant denies the allegations set forth in Paragraph 162 of Plaintiffs' Second Amended Complaint.

163. Paragraph 163 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[42]

[41] Defendant admits the allegations set forth in Footnote 41 of Plaintiffs' Complaint *only* to the extent the information found at the referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[42] Defendant admits the allegations set forth in Footnote 42 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

164. Paragraph 164 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[43]

165. Paragraph 165 of Plaintiffs' Second Amended does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[44]

166. Paragraph 166 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[45]

167. Paragraph 167 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

168. Paragraph 168 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

169. Defendant denies the allegations set forth in Paragraph 169 of Plaintiffs' Second Amended Complaint.

170. Defendant denies the allegations set forth in Paragraph 170 of Plaintiffs' Second Amended Complaint.

171. Defendant denies the allegations set forth in Paragraph 171 of Plaintiffs' Second Amended Complaint.

172. Defendant denies the allegations set forth in Paragraph 172 of Plaintiffs' Second Amended Complaint.

173. Defendant denies the allegations set forth in Paragraph 173 of Plaintiffs' Second Amended Complaint.

174. Defendant denies the allegations set forth in Paragraph 174 of Plaintiffs' Second Amended Complaint.

175. Defendant denies the allegations set forth in Paragraph 175 of Plaintiffs' Second Amended Complaint.

---

[43] Defendant admits the allegations set forth in Footnote 43 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[44] Defendant admits the allegations set forth in Footnote 44 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[45] Defendant admits the allegations set forth in Footnote 45 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

176. Defendant denies the allegations set forth in Paragraph 176 of Plaintiffs' Second Amended Complaint.

### F. NextRoll

177. Defendant denies the allegations set forth in Paragraph 177 of Plaintiffs' Second Amended Complaint.

178. Paragraph 178 of Plaintiff's Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[46]

179. Paragraph 179 of Plaintiff's Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[47]

180. Paragraph 180 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[48]

181. Paragraph 181 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

182. Paragraph 182 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

183. Defendant denies the allegations set forth in paragraph 183 of Plaintiff's Second Amended Complaint.

184. Defendant denies the allegations set forth in Paragraph 184 of Plaintiffs' Second Amended Complaint.

185. Defendant denies the allegations set forth in Paragraph 185 of Plaintiffs' Second Amended Complaint.

---

[46] Defendant admits the allegations set forth in Footnote 46 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at the referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[47] Defendant admits the allegations set forth in Footnote 47 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at the referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[48] Defendant admits the allegations set forth in Footnote 48 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.


**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: 24-cv-61983-WPD

186. Defendant denies the allegations set forth in Paragraph 186 of Plaintiffs' Second Amended Complaint.

187. Defendant denies the allegations set forth in Paragraph 187 of Plaintiffs' Second Amended Complaint.

188. Defendant denies the allegations set forth in Paragraph 188 of Plaintiffs' Second Amended Complaint.

189. Defendant denies the allegations set forth in Paragraph 189 of Plaintiff's Second Amended Complaint.

190. Defendant denies the allegations set forth in Paragraph 190 of Plaintiff's Second Amended Complaint.

**G. theTradeDesk**

191. Defendant denies the allegations set forth in Paragraph 191 of Plaintiffs' Second Amended Complaint.

192. Paragraph 192 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[49]

193. Paragraph 193 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[50]

194. Paragraph 194 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

195. Paragraph 195 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

196. Paragraph 196 of Plaintiffs' Second Amended Complaint does not assert an allegation directly

[49] Defendant admits the allegations set forth in Footnote 49 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at the referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[50] Defendant admits the allegations set forth in Footnote 50 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at the referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.


COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

against Defendant and, therefore, Defendant has no response to said Paragraph.[51][52]

197. Paragraph 197 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

198. Paragraph 198 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

199. Defendant denies the allegations set forth in Paragraph 199 of Plaintiffs' Second Amended Complaint.

200. Defendant denies the allegations set forth in Paragraph 200 of Plaintiffs' Second Amended Complaint.

201. Defendant denies the allegations set forth in Paragraph 201 of Plaintiffs' Second Amended Complaint.

202. Defendant denies the allegations set forth in Paragraph 202 of Plaintiffs' Second Amended Complaint.

203. Defendant denies the allegations set forth in Paragraph 203 of Plaintiffs' Second Amended Complaint.

204. Defendant denies the allegations set forth in Paragraph 204 of Plaintiffs' Second Amended Complaint.

205. Defendant denies the allegations set forth in Paragraph 205 of Plaintiffs' Second Amended Complaint.

206. Defendant denies the allegations set forth in Paragraph 206 of Plaintiffs' Second Amended Complaint.

**H. Mountain**

207. Defendant denies the allegations set forth in Paragraph 207 of Plaintiffs' Second Amended Complaint.

208. Paragraph 208 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[53]

---

[51] Defendant admits the allegations set forth in Footnote 51 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment

[52] Defendant admits the allegations set forth in Footnote 52 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment

[53] Defendant admits the allegations set forth in Footnote 53 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at the

209. Paragraph 209 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[54]

210. Paragraph 210 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

211. Paragraph 211 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.[55]

212. Paragraph 212 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

213. Paragraph 213 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

214. Paragraph 214 of Plaintiffs' Second Amended Complaint does not assert an allegation directly against Defendant and, therefore, Defendant has no response to said Paragraph.

215. Defendant denies the allegations set forth in Paragraph 215 of Plaintiffs' Second Amended Complaint.

216. Defendant denies the allegations set forth in Paragraph 216 of Plaintiffs' Second Amended Complaint.

217. Defendant denies the allegations set forth in Paragraph 217 of Plaintiffs' Second Amended Complaint.

218. Defendant denies the allegations set forth in Paragraph 218 of Plaintiffs' Second Amended Complaint.

219. Defendant denies the allegations set forth in Paragraph 219 of Plaintiffs' Second Amended Complaint.

---

referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[54] Defendant admits the allegations set forth in Footnote 54 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at the referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

[55] Defendant admits the allegations set forth in Footnote 55 of Plaintiffs' Second Amended Complaint *only* to the extent the information found at referenced website link speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.


**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

220. Defendant denies the allegations set forth in Paragraph 221 Defendant denies the allegations set forth in Paragraph 216 of Plaintiffs' Second Amended Complaint.

221. of Plaintiffs' Second Amended Complaint.

222. Defendant denies the allegations set forth in Paragraph 222 of Plaintiffs' Second Amended Complaint.

**<u>CLASS ACTION ALLEGATIONS</u>**

223. Defendant admits the allegations set forth in Paragraph 223 of Plaintiffs' Second Amended Complaint *only* to the extent Plaintiffs purport this to be a putative class action. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

224. Defendant denies the allegations set forth in Paragraph 224 of Plaintiffs' Second Amended Complaint *only* to the extent Plaintiffs purport this to be a putative class action. Defendant further this case is suitable for class action treatment.

225. Defendant denies the allegations set forth in Paragraph 225 of Plaintiffs' Second Amended Complaint *only* to the extent Plaintiffs purport this to be a putative class action. Defendant further this case is suitable for class action treatment.

226. Defendant denies the allegations set forth in Paragraph 226 of Plaintiffs' Second Amended Complaint *only* to the extent Plaintiffs purport this to be a putative class action. Defendant further this case is suitable for class action treatment.

227. Defendant denies the allegations set forth in Paragraph 227 of Plaintiffs' Second Amneded Complaint *only* to the extent Plaintiffs purport this to be a putative class action. Defendant further this case is suitable for class action treatment.

228. Defendant denies the allegations set forth in Paragraph 228 of Plaintiffs' Second Amended Complaint *only* to the extent Plaintiffs purport this to be a putative class action. Defendant further this case is suitable for class action treatment.

**CAUSE OF ACTION**

**Purported Violation of the Video Privacy Protection Act, 18 U.S.C. § 2710**

229. Defendant adopts and incorporates its responses to Paragraphs 1-228 of Plaintiffs' Second Amended Complaint as if fully set forth herein.

230. Defendant admits the allegations set forth in Paragraph 230 of Plaintiffs' Second Amended Complaint *only* to the extent the provisions of VPPA speaks for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

231. Defendant admits the allegations set forth in Paragraph 231 of Plaintiffs' Second Amended Complaint *only* to the extent the provisions of VPPA speaks for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

232. Defendant admits the allegations set forth in Paragraph 232 of Plaintiffs' Second Amended Complaint *only* to the extent the provisions of VPPA speaks for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

233. Defendant admits the allegations set forth in Paragraph 233 of Plaintiffs' Second Amended

Complaint *only* to the extent the provisions of VPPA speaks for themselves. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

234. Defendant denies the allegations set forth in Paragraph 234 of Plaintiffs' Second Amended Complaint.

235. Defendant denies the allegations set forth in Paragraph 235 of Plaintiffs' Second Amended Complaint.

236. Defendant denies the allegations set forth in Paragraph 236 of Plaintiffs' Second Amended Complaint.

237. Defendant denies the allegations set forth in Paragraph 237 of Plaintiffs' Second Amended Complaint.

238. Defendant denies the allegations set forth in Paragraph 238 of Plaintiffs' Second Amended Complaint.

239. Defendant denies the allegations set forth in Paragraph 239 of Plaintiffs' Second Amended Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

Defendant denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiffs, or any putative class members, is/are entitled to any relief in this matter whatsoever. Defendant further denies this case is suitable for class action treatment.

WHEREFORE, Defendant respectfully requests this Honorable Court enter judgment against Plaintiffs as to all issues and matters set forth in Plaintiffs' Second Amended Complaint, and requests all relief to which Defendant is entitled, including, but not limited to, costs pursuant to Rule 54 of the Federal Rules of Civil Procedure, along with any and all other relief this Court deems just and proper in light of the foregoing.

## GENERAL DENIAL

Defendant denies each allegation of Plaintiffs' Second Amended Complaint not specifically

admitted herein.

## JURY DEMAND

Defendant, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury on all issues so triable as a matter of right.

## AFFIRMATIVE DEFENSES

For its additional defenses and without admitting that Defendant bears the burden of proof as to any defenses in this action, Defendant asserts the following affirmative defenses:

1. Plaintiffs' (and any putative class members') claims are barred, in whole or in part, based upon the doctrines of unclean hands, estoppel, waiver, and/or other doctrines or theories of equity, to the extent Plaintiffs (and any putative class members) consented to any purported disclosure of their personally identifiable information.

2. Plaintiffs' (and any putative class members') claims are barred, in whole or in part, based upon the doctrines of acquiescence, ratification, and consent, to the extent Plaintiffs (and any putative class members) consented to any purported disclosure of their personally identifiable information.

3. Plaintiffs' claims and the claims of the members of the putative class they purport to represent are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such purported damages.

4. If damages as alleged in the Second Amended Complaint were actually sustained by Plaintiffs (or any putative class member), which the Defendant denies, then said damages were caused solely by or contributed by the acts, omissions, and fault of third parties, persons and/or entities that may be at fault for the damages alleged.

5. There can be no putative class, as Plaintiffs' claims do not support class treatment as, among other things, whether and to what extent Defendant's alleged conduct has caused purported injury or damage is only dependent upon individualized inquiries of each putative class member. Plaintiffs also lack standing to represent any putative class members whose experiences as to Defendant differ from Plaintiffs' alleged experiences.

6. The Court lacks subject matter jurisdiction because Plaintiffs and the putative class members lack standing under Article III of the United States Constitution.

7. Plaintiffs' and the putative class members' claims are barred, in whole in part, because Defendant did not knowingly disclose Plaintiffs' and the putative class members' alleged personally identifiable information.

8. Plaintiffs' and the putative class members' claims are barred, in whole or in part, because any disclosures allegedly made by Defendant were made incident to the ordinary course of Defendant's business.

9. Plaintiffs' and the putative class members' claims are barred, in whole or in part, because their reading of the VPPA would be barred by the First Amendment of the United States Constitution.

10. Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the acts, omissions, conduct, damages, loss, and/or injuries complained of were proximately caused by persons or entities other than Defendant.

11. Plaintiffs' and the putative class members' claims are barred, in whole in part, because they have not suffered any injuries or incurred any damages.

12. Plaintiffs' and the putative class members' claims are barred, in whole or in part, because any injuries or damages resulted from their acts and/or omissions.

13. If Plaintiffs or the putative class members have been injured or damaged, any damage, loss, or liability sustained by Plaintiffs or the putative class members must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendant under the principles of equitable allocation, recoupment, set-off, proportionate, responsibility, and comparative fault.

14. Any claims of Plaintiffs and the putative class members against Defendant for punitive damages should be dismissed because an award of punitive damages would violate Defendant's Due Process rights as guaranteed by the United States Constitution and the Due Process provisions of the Constitutions of the State of Florida, and any other applicable state.

15. Plaintiffs fail to state a VPPA claim, as: 1) the alleged disclosures by Zumba are <u>not</u> PII, and Plaintiffs fail to plausibly allege Zumba disclosed PII connecting *Plaintiffs* to any *specific* video materials obtained or watched; 2) Plaintiffs fail to plausibly allege that the disclosure of their purported PII would, with little or no extra effort, permit an *ordinary person* to identify Plaintiffs' video-watching habits or that any purported disclosure was "reasonably and foreseeably likely to reveal . . . videos [a specific person] has obtained;" and 3) Plaintiffs fail to plausibly allege Zumba disclosed (let alone knowingly disclosed) Plaintiffs' PII to any third-party.

All possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore Defendant reserves the right to amend its Answer to allege additional Affirmative Defenses if subsequent investigation so warrants.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 9th day of December 2025, a true and correct copy of the foregoing has been filed and furnished to all counsel of record.

**COLE, SCOTT & KISSANE, P.A.**
Counsel for Defendant, Zumba Fitness, LLC
110 Tower, 110 SE 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3720
Facsimile (954) 703-3700
Primary e-mail: barry.postman@csklegal.com
scott.bassman@csklegal.com
matthew.green@csklegal.com

s/ Barry A. Postman
BARRY A. POSTMAN
Florida Bar No.: 991856
SCOTT A. BASSMAN
Florida Bar No. 232180
MATTHEW GREEN
Florida Bar No.1019717