**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| CATHERINE KUEPPERS; and WATANYA BROWN, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>ZUMBA FITNESS, LLC,<br><br>Defendant. | Case No. 24-cv-61983-WPD |

**DECLARATION OF FRANK S. HEDIN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

I, Frank S. Hedin, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 and based on my own personal knowledge, that the following statements are true:

1. I represent Catherine Keuppers and Watanya Brown in this action, and I submit this declaration in support of Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel.

**QUALIFICATIONS OF PROPOSED CLASS COUNSEL AND PROPOSED CLASS REPRESENTATIVES**

2. I am a member in good standing of the Florida Bar and the State Bar of California; the United States District Courts for the Southern District of Florida, Middle District of Florida, Northern District of California, Southern District of California, Central District of California, Eastern District of California, Eastern District of Michigan, Western District of Michigan, Western District of Wisconsin, and Eastern District of Missouri; and the United States Courts of Appeals for the Second and Seventh Circuits.

3. I received my Bachelor of Arts from University of Michigan in 2008 and my Juris Doctor, *magna cum laude*, from Syracuse University College of Law in 2012. From 2012 through 2013, I served as law clerk to the Honorable William Q. Hayes, United States District Judge for the Southern District of California. During my clerkship with Judge Hayes, I managed half of the Court's civil docket and drafted numerous orders and opinions at all stages of litigation, including in a wide range of class action matters.

4. In March 2018, I co-founded Hedin Hall LLP, the firm that became Hedin LLP in January 2024. With offices in Miami, Florida and Washington, D.C., our firm focuses on class action litigation in the data-privacy, financial services, false advertising, and antitrust practice areas. Prior to founding Hedin Hall LLP, I worked for four years as an attorney at a Miami-based litigation boutique, where I started the firm's class-action practice.

5. Over the past decade, in federal and state courts across the country, my colleagues at Hedin LLP and I have successfully prosecuted numerous class actions as court-appointed class counsel, including many data-privacy class actions. *See e.g., Rivera et al. v. Google, LLC*, No. 2019-CH-00990 (Cir. Ct. Cook Cnty. Ill., Apr. 5, 2022) (Hedin LLP service as class counsel in action alleging violations of Illinois's Biometric Information Privacy Act ("BIPA"), obtained $100 million non-reversionary class settlement); *Schreiber et al. v. Mayo Foundation for Medical Education & Research*, No. 22-cv-00188 (W.D. Mich.) (counsel for class of consumers alleging defendant's sale, rental, and disclosure of mailing containing its subscribers' personal information in violation of Michigan's Preservation of Personal Privacy Action ("PPPA"), obtained $52.5 million non-reversionary class settlement with automatic payments (without the need to submit claim forms) to each of the approximately 67,000 class members); *Olsen, et al. v. ContextLogic Inc.*, No. 19CH06737 (Cir. Ct. Cook Cnty. Ill., Jan 7, 2020) (class counsel in action alleging violations of the of the federal Telephone Consumer Protection Act ("TCPA"), obtained $16 million non-reversionary class settlement); *Chimeno-Buzzi v. Hollister Co.*, No. 14-cv-23120 (S.D. Fla.) (same, $10 million nonreversionary class settlement); *Farnham v. Caribou Coffee Co., Inc.*, No. 16-cv-295 (W.D. Wisc.) (same, $8.5 million non-reversionary class settlement); *Benbow v.*

*SmileDirectClub, Inc.*, No. 2020- CH-07269 (Cir. Ct. Cook Cnty.) (same, $11.5 million class settlement); *Donahue v. Everi Payments, Inc.*, et al., No. 2018-CH-15419 (Cook Cnty., Ill. Cir. Ct.) (class counsel in action alleging disclosure of consumers' credit and debit card information on printed transaction receipts in violation of the federal Fair and Accurate Credit Transactions Act, obtained $14 million non-reversionary class settlement); *Owens, et al. v. Bank of America, N.A., et al.*, No. 19-cv-20614 (S.D. Fla.) (class counsel in action alleging improper overdraft fees in violation of state law, obtained $4.95 million non-reversionary class settlement with automatic payments to all class members); *Liggio v. Apple Federal Credit Union*, No. 18-cv-1059 (E.D. Va.) (same, $2.7 million non-reversionary class settlement); *In re Maxar Technologies Inc. Shareholder Litigation*, No. 19-cv-357070 (Cal. Sup. Ct., Santa Clara Cnty.) (class counsel in action alleging false and misleading statements to investors in violation of federal securities laws, obtained $36.5 million non-reversionary settlement for class); *Plymouth County Retirement System v. Impinj, Inc., et al.*, No. 650629/2019 (N.Y. Sup. Ct., N.Y. Cnty.) (same, obtained $20 million non-reversionary class settlement). Over the past five years alone, the firm has recovered over $400 million in all-cash relief for the classes it has represented.

6. Notably, my colleagues and I have substantial experience representing classes of consumers in cases alleging violations of state privacy statutes analogous to the federal Video Privacy Protection Act. *See e.g., Schreiber v. Mayo Foundation*, No. 22-cv-00188 (Hedin LLP serving as class counsel in action alleging violation of Michigan PPPA, obtained $52.5 million non-reversionary class settlement with automatic payments to all class members); *Kokoszki v. Playboy Enters., Inc.*, No. 19-cv-10302 (E.D. Mich.) (same, $3.8 million non-reversionary class settlement with automatic payments to all class members); *Pratt et al. v. KSE Sportsman Media, Inc.,* No. 21-cv-11404 (E.D. Mich.) (same, $9.5 non-reversionary class settlement with automatic payments to all class members); *Kain v. The Economist Newspaper NA, Inc.*, No. 21-cv-11807 (E.D. Mich.) (same, $9.5 million non-reversionary class settlement with automatic payments to all class members); *Strano v. Kiplinger Washington Editors, Inc.*, No. 21-cv-12987 (E.D. Mich.) (same, $6.8 million non-reversionary class settlement with automatic payments to all class

members); *Moeller v. The Week Publications, Inc.*, No. 22-cv-10666 (E.D. Mich.) (same, $5 million non-reversionary class settlement with automatic payments to all class members).

7. We also frequently represent indigent litigants on a pro bono basis. *See e.g., Groover v. U.S. Corrections, LLC, et al.*, No. 15-cv-61902-BB (S.D. Fla.) (representing plaintiff and putative class against country's largest private prisoner extradition companies in Section 1983 civil rights action alleging violations of the Eighth Amendment).

8. Hedin LLP draws from a team of highly experienced attorneys dedicated to representing plaintiffs in complex class action litigation, as well as a team of non-lawyer professionals and support staff.

9. Hedin LLP has expended thousands of hours of time and significant resources, monetary and otherwise, prosecuting this matter on behalf of Plaintiffs and putative class members to date, and will continue to devote whatever resources are necessary to effectively prosecute this litigation on their behalf going forward. Neither I nor any of the other attorneys at Hedin LLP have any interests antagonistic to or otherwise in conflict with the interests of the members of the Classes in this matter.

10. Throughout this litigation, Ms. Kueppers and Ms. Brown have taken their responsibilities as putative class representatives seriously. They have both assisted with our firm's investigation, gathered and produced to our firm important documents concerning their experiences purchasing with Defendant, reviewed and authorized the filing of pleadings and other legal documents in the case, responded to numerous written discovery propounded on them by Defendant, traveled to and attended lengthy depositions, and kept in regular contact with my colleagues and me concerning this matter. Both Plaintiffs understand and are committed to fulfilling their duties to represent and protect the interests of unnamed class members in this case. Based on the amount of time and assistance Plaintiffs have devoted to this matter to date, and my experience interacting with them over the course of these proceedings, I am confident that both Plaintiffs would, if appointed as the Classes' representatives, more than adequately represent their interests in this matter.

**EXHIBITS SUBMITTED IN SUPPORT OF CLASS CERTIFICATION**

11. Attached hereto as **Exhibit 1** is a true and correct copy of the Declaration of Colin B. Weir dated May 29, 2026, which Mr. Weir prepared on Plaintiffs' behalf at the request of my firm. Included in Exhibit 1 is the digital archive of webpages collected by Mr. Weir as referenced in Exhibit C to his Declaration. That digital archive will be lodged with the Court as part of Exhibit 1 on a USB flash drive.

12. Attached hereto as **Exhibit 2** is a true and correct copy of the Supplemental Declaration of Colin B. Weir dated June 15, 2026, and prepared at the request of my firm with respect to this litigation. Included in Exhibit 2 are the spreadsheets and electronic assembled by Mr. Weir as referenced in his Supplemental Declaration. The spreadsheets and electronic archive will be lodged with the Court as part of Exhibit 2 on a USB flash drive.

13. Attached hereto as **Exhibit 3** is a true and correct copy of the February 20, 2026, Rule 30(b)(6) deposition transcript of Ralph Valdes.

14. Attached hereto as **Exhibit 4** is a true and correct copy of Exhibit 10 to the February 20, 2026, Rule 30(b)(6) deposition transcript of Ralph Valdes (screenshots of the contents of the Zumba Basic 1 on-demand training course).

15. Attached hereto as **Exhibit 5** is a true and correct copy of Exhibit 36 to the February 20, 2026, Rule 30(b)(6) deposition transcript of Ralph Valdes (document containing a link provided by the court reporter for the deposition to download Exhibit 36, which is the spreadsheet produced by Defendant on October 13, 2025). The original version of this spreadsheet as produced by Defendant to Plaintiffs' counsel (e.g., not the version which was re-titled by the court reporter during the deposition) is attached to this Declaration as Exhibit 8.

16. Attached hereto as **Exhibit 6** are true and correct copies of the videos included in the Zumba Basic 1 on-demand course as produced by Defendant in response to Plaintiffs' discovery requests. This Exhibit will be lodged with the Court on a USB flash drive.

17. Attached hereto as **Exhibit 7** are true and correct copies of documents bearing the bates numbers ZUMBA-0000001 through ZUMBA-0000016 which were produced to Defendant by Plaintiffs in response to Defendant's discovery requests.

18. Attached hereto as **Exhibit 8** is a true and correct copy of a spreadsheet produced by Defendant in response to Plaintiffs' discovery requests entitled "On-Demand Training and Class Information. (Produced 10.13.25).xlsx." This Exhibit will be lodged with Court on a USB flash drive.

19. Attached hereto as **Exhibit 9** is a true and correct copy of a Stipulation entered into by the parties through their counsel.

20. Attached hereto as **Exhibit 10** is a true and correct copy of a declaration from Meta Platforms, Inc. concerning the records it produced in response to a subpoena issued by Plaintiffs in this matter.

21. Attached hereto as **Exhibit 11** is a true and correct copy of a declaration from Pinterest, Inc. concerning the records it produced in response to a subpoena issued by Plaintiffs in this matter.

22. Attached hereto as **Exhibit 12** is a true and correct copy of a declaration from NextRoll, Inc. concerning the records it produced in response to a subpoena issued by Plaintiffs in this matter.

23. Attached hereto as **Exhibit 13** is a true and correct copy of a declaration from MNTN, Inc. concerning the records it produced in response to a subpoena issued by Plaintiffs in this matter.

24. Attached hereto as **Exhibit 14** is a true and correct copy of a declaration from The Trade Desk, Inc. concerning the records it produced in response to a subpoena issued by Plaintiffs in this matter.

25. Attached hereto as **Exhibit 15** are true and correct copies of spreadsheets produced by Meta Platforms, Inc. in response to the subpoena issued to it by Plaintiffs in this matter. This Exhibit will be lodged with the Court on a USB flash drive.

26. Attached hereto as **Exhibit 16** are true and correct copies of spreadsheets produced by Pinterest, Inc. in response to the subpoena issued to it by Plaintiffs in this matter. This Exhibit will be lodged with the Court on a USB flash drive.

27. Attached hereto as **Exhibit 17** are true and correct copies of spreadsheets produced by NextRoll, Inc. in response to the subpoena issued to it by Plaintiffs in this matter. This Exhibit will be lodged with the Court on a USB flash drive.

28. Attached hereto as **Exhibit 18** are true and correct copies of spreadsheets produced by MNTN, Inc. in response to the subpoena issued to it by Plaintiffs in this matter. This Exhibit will be lodged with the Court on a USB flash drive.

29. Attached hereto as **Exhibit 19** are true and correct copies of spreadsheets produced by The Trade Desk, Inc. in response to the subpoena issued to it by Plaintiffs in this matter. This Exhibit will be lodged with the Court on a USB flash drive.

30. Attached hereto as **Exhibit 20** is a true and correct copy of the June 8, 2026, Declaration of Catherine Kueppers in Support of Plaintiffs' Motion for Class Certification.

31. Attached hereto as **Exhibit 21** is a true and correct copy of the June 8, 2026, Declaration of Watanya Brown in Support of Plaintiffs' Motion for Class Certification.

32. Attached hereto as **Exhibit 22** is a true and correct copy of Hedin LLP's firm resume.

33. Attached hereto as **Exhibit 23** is a true and correct copy of Exhibit 29 to the February 20, 2026, Rule 30(b)(6) deposition transcript of Ralph Valdes (representative example of an "order confirmation page" for a purchase of the Zumba Basic 1 video on-demand training course during the relevant time period).

34. Attached hereto as **Exhibit 24** is a true and correct copy of the Report and Recommendation to Grant Plaintiff's Motion for Class Certification in *Weaver v. Green Sols. of Fla. LLC*, No. 6:23-CV-2059 (Dkt. 45) (M.D. Fla. May 5, 2025), which is not available on WestLaw and is being included here for the Court's convenience.

Executed on June 15, 2026, in Miami, Florida

*/s/ Frank S. Hedin*________________________
Frank S. Hedin