**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CATHERINE KUEPPERS; and WATANYA
BROWN, individually and on behalf of all others
similarly situated,

        Plaintiffs,

    v.

ZUMBA FITNESS, LLC,

        Defendant.

Case No. 24-cv-61983-WPD

**ERRATA TO PLAINTIFFS' MOTION TO CERTIFY**
**CLASS AND APPOINT COUNSEL (ECF No. 57)**

In the recently filed motion for class certification and appointment of counsel (ECF No. 57 (the "Motion" or "Mot.")), Plaintiffs seek to certify a Class comprised of all natural persons in the United States who purchased the on-demand (or "online") version of the Zumba Basic 1 training course (the "ZB1 OD Version") from Zumba.com (the "Website"), and whose first and last names appeared on "order confirmation pages" accessible at ZB1 OD Version Order URLs[1] in the possession of Meta, Pinterest, NextRoll, MNTN, and/or theTradeDesk (collectively, the "Third-Party Advertisers"), between October 22, 2022 and October 22, 2024 (the "Relevant Time Period"). Mot. at 7[2].

Thus, to qualify for membership in the proposed Class, a natural person in the United States must have both: (1) purchased the ZB1 OD Version from the Website <u>during the Relevant Time</u>

---

[1]    The term "ZB1 OD Version Order URLs" refers to the URLs of the "order confirmation pages" to which purchasers of the ZB1 OD Version were directed upon making their purchases, which were uniformly formatted as https://www.zumba.com/en-US/training/**[MCN]**/online_confirmation (with the MCN (or "merchant confirmation code") applicable to the purchase inputted in the **[MCN]** field in the foregoing). *See* Mot. at 3.

[2]    Native (rather than ECF) pagination throughout.

Period; and (2) had his or her first and last name appear on an "order confirmation page" accessible at a ZB1 OD Version Order URL possessed by one or more of the Third-Party Advertisers during the Relevant Time Period. *See id.* And to qualify for membership in one of the three proposed Subclasses, a person must be a member of the Class and had his or her first and last name appear on an "order confirmation page" accessible at a ZB1 OD Version Order URL possessed by Meta during the Relevant Time Period (in the case of the Meta Disclosure Subclass), possessed by Pinterest during the Relevant Time Period (in the case of the Pinterest Disclosure Subclass), or possessed by MNTN during the Relevant Time Period (in the case of the MNTN Disclosure Subclass). *See id.* at 7-8.

In the supplemental declaration of Colin B. Weir (ECF No. 58-2 (the "First Supplemental Weir Decl."))[3] submitted together with the Motion, Mr. Weir describes the work he performed analyzing and comparing two sets of records: (1) records produced by Defendant containing, *inter alia*, the names and MCNs of all natural persons in the United States who purchased the ZB1 OD Version during the Relevant Time Period; and (2) records produced by the Third-Party Advertisers containing, *inter alia*, all ZB1 OD Version Order URLs sent to and received by the Third-Party Advertisers via the tracking technologies installed on Defendant's Website (as well as the dates on which they received such URLs). As explained in the First Supplemental Weir Declaration, Mr. Weir identified in the records produced by the Third-Party Advertisers 5,058 working[4] ZB1 OD

---

[3]     The First Supplemental Weir Decl. was filed under seal pursuant to the Protective Order entered by the Court. *See* ECF Nos. 32 (protective order) & 60 (order granting motion to file under seal).

[4]     That is, those ZB1 OD Version Order URLs that directed to "order confirmation" pages on which the first and last names of purchasers appeared.

Version URLs containing MCNs that match MCNs on Defendant's list of ZB1 OD Version purchases made during the Relevant Time Period.  *See* First Supplemental Weir Decl. ¶ 40.[5]

Regrettably, however, Plaintiffs' counsel recently discovered that the work summarized in the First Supplemental Weir Declaration was methodologically flawed in one subtle respect, resulting in the erroneous identification of certain persons as members of the Classes (and thus incorrect quantifications of the Class's and two Subclasses' members). Specifically, in comparing the two sets of records described above, Mr. Weir began by properly extracting from the records produced by Defendant only those that pertained to purchases of the ZB1 OD Version made <u>during the Relevant Time Period</u> – but then erred by comparing that narrowed set of Defendant's records against <u>all</u> the records produced by the Third-Party Advertisers, rather than against only those that contained ZB1 OD Version Order URLs received (and thus possessed) by the Third-Party Advertisers <u>during the Relevant Time Period</u>.[6]

Upon learning of this issue, Plaintiffs' counsel immediately requested that Mr. Weir perform another comparison of (1) only those records produced by Defendant pertaining to purchases made during the Relevant Time Period, against (2) only those records produced by the Third-Party Advertisers that they had received during the Relevant Time Period. Mr. Weir thereafter immediately commenced and promptly completed this work, the results of which are

---

[5]     As explained in the Motion, Mr. Weir's ability to determine whether a particular person satisfies the criteria for membership in the Class (and each of the Subclasses), by analyzing and comparing these two sets of records, clearly demonstrates the administrative feasibility of identifying the Classes' members. *See* Mot. at 8-11.

[6]     This error was the result of Plaintiffs' counsel failing to adequately communicate to Mr. Weir the temporal limitation that needed to be applied to the Third-Party Advertisers' records before those records were compared against Defendant's records. Plaintiffs' counsel sincerely apologizes to the Court and to Defendant's counsel for this oversight.

presented in the Second Supplemental Declaration of Colin B. Weir and the exhibits thereto (the "Second Supplemental Weir Decl.")).[7]

## ERRATA

The results of Mr. Weir's revised comparison of the above-referenced sets of records, as described in the Second Supplemental Weir Declaration and reflected in the exhibits thereto, necessitate the following revisions to the Motion:

1. The size of the proposed Class, which the Motion presently states is 5,058 members (Mot. at 1, 6 & 10-11), should be revised to 4,543 members (*see* Second Supplemental Weir Decl. ¶ 40);

2. The size of the proposed Pinterest Disclosure Subclass, which the Motion presently states is 3,902 members (Mot. at 10-11), should be revised to 3,061 members (*see* Second Supplemental Weir Decl. ¶ 43);

3. The size of the proposed MNTN Disclosure Subclass, which the Motion presently states is 2,669 members (Mot. at 10-11), should be revised to 2,665 members (*see* Second Supplemental Weir Decl. ¶ 43);

4. The Motion's definition of the term "Third-Party Advertisers," which is presently "Meta, Pinterest, NextRoll, MNTN, and theTradeDesk" (Mot. at 5), should be revised to "Meta, Pinterest, NextRoll, and MNTN" (*see* Second Supplemental Weir Decl. ¶¶ 23 & 45);

5. The Motion's citations and references to the "First Supplemental Weir Declaration" (inclusive of its exhibits) (Mot. at 6, 10-11 & 15-16) should be revised to cite and refer to the "Second Supplemental Weir Declaration" (inclusive of its exhibits); and

---

[7] Promptly upon receiving from Mr. Weir the Second Supplemental Weir Declaration, Plaintiffs' counsel provided a copy of it (along with all exhibits thereto) to Defendant's counsel. Defendant's counsel is scheduled to depose Mr. Weir, in person, on July 9, 2026.

6.      The Motion's statements that Plaintiff Kueppers seeks to represent the Class and each of the three Subclasses (*see* Mot. at 7-8) should be revised to state that Plaintiff Kueppers seeks to represent the Class and the Meta Disclosure Subclass (*see* Second Supplemental Weir Decl. ¶ 45).

The Motion is otherwise unimpacted by the Second Supplemental Weir Declaration. Plaintiffs' counsel are available at the Court's convenience to address any questions or concerns the Court may have concerning the Motion or the declarations submitted by Mr. Weir.

Date: July 3, 2026

Respectfully submitted,

/s/ *Frank S. Hedin*

Frank Hedin (FBN 109698)
HEDIN LLP
1395 Brickell Ave., Ste 610
Miami, FL 33131
(305) 357-2107
fhedin@hedinllp.com

Tyler K. Somes (*pro hac vice*)
HEDIN LLP
1100 15th St. NW, Ste 04-105K
Washington, D.C. 20005
(202) 900-3332
tsomes@hedinllp.com

*Counsel for Plaintiffs and Putative Classes*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notification of such filing to all parties of record.

/s/ <i>Frank S. Hedin</i>
