**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 24-cv-61983-WPD**

CATHERINE KUEPPERS and WATANYA BROWN,
individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

ZUMBA FITNESS, LLC,

      Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS**
**MOTION FOR JUDGMENT ON THE PLEADINGS**
**AS TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant, Zumba Fitness, LLC ("**Zumba**" or "**Defendant**"), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Local Rule 7.1(c), submits this Reply in support of its Motion for Judgment on the Pleadings [ECF No. 54] ("**Motion**" or "**Mot.**") and in reply to Plaintiffs' Response in Opposition [ECF No. 71] ("**Opposition**" or "**Opp.**").

**INTRODUCTION**

Zumba's Motion does not ask this Court to reconsider anything; it holds the Second Amended Complaint ("**SAC**") to its own allegations. In denying the original motion to dismiss, the Court held that a VPPA plaintiff "need not allege that the specific video titles were disclosed; rather, allegations that defendant disclosed a URL to a webpage containing the video that plaintiff obtained is sufficient." *Kueppers v. Zumba Fitness, LLC*, 805 F. Supp. 3d 1226, 1231 (S.D. Fla. 2025) [ECF No. 23 at 6]. Consistent with that standard, the SAC alleges that the disclosed "YOU'RE ALL SET" confirmation page "prominently displays . . . the name of the specific video materials that the person purchased." SAC ¶ 101. However, Plaintiffs' "YOU'RE ALL SET"

confirmation page exhibit to the SAC (at pg. 29), the very page whose URL they allege was transmitted, shows a webpage containing *no video, no video link,* and *no video title*: only a registrant's name, a price, a generic "ONLINE" modality tag, and a registration receipt for an instructor licensing program.  SAC ¶¶ 101-02 & p. 29.  The dispositive conflict is not with anything in this Court's prior Order; it is within the SAC itself. Under *Griffin Industries*, the exhibit controls. That is not reconsideration; it is holding Plaintiffs to the document they themselves incorporated. This is fatal to the SAC.

## ARGUMENT

### I.  THE SAC'S "YOU'RE ALL SET" PAGE DEFEATS PLAINTIFFS' ALLEGATIONS UNDER THIS COURT'S STANDARD

#### A.  *The Motion Is Not a Disguised Motion for Reconsideration.*

Plaintiffs' lead theme is that the Motion is a disguised motion for reconsideration subject to the "strongly convincing" standard of *Socialist Workers Party v. Leahy*. Opp. at 3. That standard governs a request to revisit the same ruling on the same pleading. It has no application where, as here, the operative pleading has been amended and the Rule 12(c) motion tests the pleading as it now stands, closed and complete with its incorporated exhibits. *See* Fed. R. Civ. P. 12(c); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

The argument Zumba makes on this Motion is governed by a rule equally well settled in this Circuit.  "When the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007); *accord Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009). Zumba invokes that rule by arguing that the SAC's allegation that the "You're All Set" page "prominently displays . . . the name of the specific video materials" is "directly contradicted and negated by Plaintiffs' own superimposed image on page 29 of the Second Amended Complaint." Mot. at 5. Zumba is not asking the Court

to reconsider and reverse itself, nor does this Motion renew any argument this Court has already rejected. In its Motion to Dismiss, Zumba argued that the disclosed course is a bundle of modules rather than a single video, an argument this Court found "of no moment," *Kueppers*, 805 F. Supp. 3d 1226 [ECF No. 23 at 7], and Zumba does not renew it here.  Indeed, the question this Motion presents is whether the SAC's "You're All Set" page shows what the SAC's own pleading says it shows.  It does not.

### B.       The SAC's "You're All Set" Page Contradicts Plaintiff's Allegations.

Paragraph 101 of the SAC alleges that the "You're All Set" page "prominently displays . . . the name of the specific video materials that the person purchased." Plaintiffs' own exemplar of that page, incorporated at page 29 of the SAC, contradicts the allegation. The page reads "YOUR TRAINING DETAILS," displays the words "ZUMBA BASIC 1" beside a generic "ONLINE" tag, and instructs the purchaser to await "an email with access to information for your online instructor licensing program." SAC ¶ 101 & p. 29.  No video appears on the page, no link on the page leads to one, no words on the page name one, and no feature of the page even suggests one exists.

Indeed, the only content-adjacent word on the page is "ONLINE," and it does not help Plaintiffs. The word describes delivery, not content, as an "ONLINE" course can be any number of things, including live instruction, an audio program, a series of interactive quizzes, or downloadable written materials, none of which is a video.[1]  Congress's own account of the statute confirms why that distinction matters. The Senate Judiciary Committee explained that a provider "is not prohibited from responding to a law enforcement agent's inquiry as to whether a person

---

[1] The SAC's only other checkout-time disclosure fares no better, and for the identical reason. Plaintiffs allege the customer additionally selected the "On Demand" option at checkout. SAC ¶¶ 97, 99. That, too, is a delivery-format selection, not an identification of any video — the same as disclosing whether a consumer bought a paperback or an audiobook edition would not disclose the book title. And whether actual viewing must independently be alleged, that question does not arise here: nothing the SAC alleges identifies specific video materials in any state, whether requested, obtained, watched, or ignored.

-3-
**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700  - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

patronized a video tape service provider at a particular time or on a particular date," because such a disclosure does not identify "specific video materials or services." S. Rep. No. 100-599, at 12 (1988). If confirming the bare fact of patronage falls outside the statute, a generic delivery tag that says just as little about content falls outside it too.

This point is reinforced by the SAC's own admission about what the disclosed URL itself conveys. Plaintiffs allege that a recipient of one of these URLs can "simply enter the URL into an internet browser, reach the page, and determine exactly what video materials the consumer requested or obtained." SAC ¶ 103. That allegation concedes the URL string alone identifies nothing; rather, a recipient must independently load the page to learn anything, and what the "You're All Set" page discloses are the words "ZUMBA BASIC 1" and a generic "ONLINE" tag, not a video, the name of a video or a link to a video. Plaintiffs' own box-set analogy, Opp. at 6, fails at the same threshold step: the title of a James Bond box set identifies twenty-five named films; the words displayed on the "You're All Set" page identify no film, no recording, and no video.

That is the whole of the record. Under *Griffin Industries*, the exhibit governs over the contrary allegations. What remains, taking every other well-pleaded fact as true, is a registrant's name, a generic delivery tag, and a URL that does not say what Plaintiffs say it says, and that does not identify "specific video materials or services" under 18 U.S.C. § 2710(a)(3).[2] As the Eleventh Circuit put it in *Griffin* itself, a plaintiff's problem in this posture "is not that it has said too little, but that it has said too much," precisely the posture created by Plaintiffs' "You're All Set" page exhibit in the SAC. *Griffin Indus.*, 496 F.3d at 1206.

---

[2] Plaintiffs devote a section of their Opposition to refuting a position Zumba has not taken, asserting that Zumba demands allegations of "video-watching behavior." Opp. at 11. It does not. The statute's operative verbs are "requested or obtained," 18 U.S.C. § 2710(a)(3), and Zumba does not contend that a plaintiff must plead that she pressed play.

### C.      Other Courts Applying the Same Standard Agree.

Other courts have reached the same conclusion, on the same kind of record. Plaintiffs argue that citing *Benson v. SimpleNursing, LLC* and *Martin* revive authority this Court has already declined to follow. Opp. at 10.  It does no such thing.  Nothing in this Reply invites the Court to revisit its assessment of *Martin* or of the course-versus-video question.  Rather, *Benson*, 2026 WL 1045614 (D. Del. Apr. 17, 2026), and *Martin* are cited only for a narrower proposition that this Court's prior Order did not address;  namely, where the pleaded record affirmatively shows that no video or video title was transmitted, and that the disclosed URL resolves to a video-less page, the disclosure does not identify "specific video materials or services." *See Benson*, 2026 WL 1045614, at \*4-5; *Martin*, 657 F. Supp. 3d 277, 284-85 (S.D.N.Y. 2023). The cases are persuasive because they apply the same standard this Court has already adopted, and each concludes that no VPPA violation occurs where that standard goes unmet.[3]  The same holds true here, where the "You're All Set" page names no video, shows no video, and links to no video.

## II.      PLAINTIFFS' AUTHORITIES ARE DISTINGUISHABLE; IN NONE OF THEM DID THE RECORD CONTRADICT THE OPERATIVE DISCLOSURE ALLEGATION.

Plaintiffs' string cite proves less than advertised, beginning with a case Plaintiffs themselves rely upon. Plaintiffs note that after *Lovett v. Continued.com, LLC* was dismissed, the plaintiff amended and survived. Opp. at 10. What changed between the two complaints is an added allegation, that the defendant disclosed "the specific title of every video" requested or obtained. *Lovett v. Continued.com, LLC*, No. 1:24-cv-590, 2026 WL 835833 (S.D. Ohio Mar. 26, 2026).  No exhibit in *Lovett* ever contradicted what either version of the complaint alleged.  Here, no

---

[3] Plaintiffs represent that *Benson* is "on appeal to the U.S. Court of Appeals for the Fourth Circuit."  Opp. at 10. The District of Delaware sits in the Third Circuit, not the Fourth. Whatever the docket's status, *Benson's* persuasive force rests on its reasoning as applied to the exhibit-established facts here, not on its appellate posture.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700  - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

amendment can fix this, because the SAC's operative "You're All Set" page exhibit already contradicts what it alleges.

*Korn v. Simplilearn Americas Inc.* and *Aldana v. GameStop, Inc.* illustrate the same point from the other side: in each, nothing in the record contradicted what the plaintiffs alleged. In *Korn*, plaintiff alleged that "disclosure of the course title also discloses precisely what videos were requested and obtained," and the court credited that allegation because nothing in the record said otherwise. 2026 WL 472984, at *4–5 (D. Mass. Feb. 19, 2026). In *Aldana*, the disclosed video-game title necessarily conveyed the embedded audiovisual content, and nothing in that record contradicted the premise. 2024 WL 708589, at *7 (S.D.N.Y. Feb. 21, 2024). Here, the SAC alleges that the confirmation page displays "the name of the specific video materials that the person purchased," SAC ¶ 101, but the SAC's own "You're All Set" page exhibit contradicts it since the words actually disclosed on that page, "ZUMBA BASIC 1" beside a generic "ONLINE" tag, are not paired with the name or disclosure of any video. *Korn* and *Aldana* presented no comparable conflict between pleading and exhibit.

Plaintiffs' reliance on *Haines v. Cengage Learning, Inc.*, 2025 WL 2336089 (S.D. Ohio May 5, 2025), is misplaced. There, the defendant's video-less page argument was raised as a factual attack on subject-matter jurisdiction under Rule 12(b)(1), supported by extrinsic evidence outside the pleadings. *Id.* The court held that a jurisdictional attack implicating an element of the plaintiff's cause of action must be resolved on the merits, not decided as a threshold jurisdictional matter. *Id.* (citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981))). That is precisely the treatment Zumba's motion receives here: this is a Rule 12(c) motion tested on the pleadings alone,

not an extrinsic factual challenge to jurisdiction. *Haines* thus supports, rather than undercuts, resolving Plaintiffs' allegations under the ordinary merits standard Zumba invokes.

*Damrau v. Colibri Group, LLC*, 2026 WL 198712 (E.D. Mo. Jan. 23, 2026), rejected a proposition Zumba does not advance; namely, that only a single video is protected. That holding does not reach this case since *Damrau* credited the plaintiffs' allegation that a video was disclosed because, as in *Korn*, nothing in the record contradicted it. *Dawson v. University of Phoenix, Inc.*, 2026 WL 92248 (N.D. Ill. Jan. 13, 2026), confirms the same point on its own facts, as the allegation that a video title was disclosed was not contradicted by anything in the record. *Turner v. National Notary Ass'n*, 2026 WL 947171 (C.D. Cal. Mar. 27, 2026), is different in kind, not degree: there, the defendant submitted a declaration disputing that any disclosure occurred at all, and the court declined to resolve that extrinsic, declaration-based dispute on a motion to dismiss — the same posture *Haines* presented, not the posture here. Here, the contradiction is not a competing declaration; it is the SAC's own incorporated exhibit, which affirmatively negates the pleading's operative disclosure allegation on its face. That is a conflict none of these three cases confronted.

The common thread in all of these cases is the same: the pleading's allegation about specific video content went unrebutted by anything in the record, so the court credited it. That is the ordinary posture of a motion to dismiss, and it is why each of the cases Plaintiffs cite came out the way it did. This case does not share that posture. Under *Griffin Industries* and *Crenshaw*, *supra* § I, the SAC's own "You're All Set" page exhibit rebuts the very allegation Plaintiffs ask the Court to credit. Not one of the authorities Plaintiffs cite required a court to look past a contradiction of that kind, because in none of them did one exist.

## III.    THE MOTION'S TIMING IS PROPER AND SERVES JUDICIAL ECONOMY.

Plaintiffs insinuate that a defendant confident in this argument would have waited for summary judgment after certification. Opp. at 3, n.1. The question presented, whether the disclosures depicted in Plaintiffs' own exhibit constitute PII under § 2710(a)(3), is resolvable on the face of the pleadings and requires no discovery record. Rule 12(c) exists so that claims failing as a matter of law are resolved "early enough not to delay trial," Fed. R. Civ. P. 12(c), and before the parties and the Court expend resources on certification briefing that a threshold legal defect would render academic. Resolving the issue now is economy, not gamesmanship.

### CONCLUSION

The SAC's own exemplar establishes that Zumba disclosed, at most, a registrant's name, a delivery-format selection, and the URL of a video-less confirmation page that does not show what the SAC alleges it shows. Under *Griffin Industries* and *Crenshaw*, that exhibit controls over the SAC's contrary conclusory allegations, and under the Court's own standard, a URL to a page containing no video does not state a VPPA claim.  Zumba is entitled to judgment on the pleadings. In the alternative, should the Court deny the Motion on any ground, Zumba respectfully requests that the denial be without prejudice to renewal of these grounds at summary judgment on a developed record.

WHEREFORE, Defendant, Zumba Fitness, LLC, respectfully requests that this Honorable Court grant the Motion and enter judgment on the pleadings in Defendant's favor, together with such other relief as the Court deems just and proper.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700  - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: 24-cv-61983-WPD

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on this 21st day of July 2026, a true and correct copy of the foregoing has been filed and furnished to all counsel of record.

**COLE, SCOTT & KISSANE, P.A.**
Counsel for Defendant, Zumba Fitness, LLC
110 Tower, 110 SE 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3720
Facsimile (954) 703-3700
Primary e-mail: barry.postman@csklegal.com
               scott.bassman@csklegal.com
               matthew.green@csklegal.com

By:         s/ Matthew A. Green
               BARRY A. POSTMAN
               Florida Bar No.:  991856
               SCOTT A. BASSMAN
               Florida Bar No. 232180
               MATTHEW A. GREEN
               Florida Bar No.: 1019717