UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-61983-WPD

CATHERINE KUEPPERS
and WATANYA BROWN,
individually and on behalf of
all others similarly situated,

Plaintiffs,

v.

ZUMBA FITNESS, LLC,

Defendant.

_______________________________________/

**ORDER DENYING DEFENDANT ZUMBA FITNESS LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS**

THIS CAUSE is before the Court on Defendant Zumba Fitness, LLC ("Defendant" or "Zumba")'s Motion for Judgment on the Pleadings as to Plaintiffs' Second Amended Class Action Complaint, filed herein on June 10, 2026. [DE 54]. The Court has carefully considered the Motion [DE 54], the Response, filed on July 8, 2026 [DE 71], and the Reply, filed July 21, 2026 [DE 75], and the record, and is otherwise fully advised in the premises.

## I. BACKGROUND

Catherine Kueppers and Watanya Brown, on behalf of a putative class, ("Plaintiffs") bring this for damages under the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. The VPPA holds liable "video tape service provider[s]" who "knowingly disclose[], to any person," "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710, 2710(a)(3). Plaintiffs commenced this action on October 23, 2024 [DE 1]. Since then, two amended complaints have

since been filed. The Second Amended Complaint ("SAC") [DE 45], filed November 26, 2025, alleges as follows:

Zumba Fitness LLC ("Zumba") offers for sale, through its website, access to various prerecorded dance-oriented workout videos. SAC ¶ 30. Zumba knowingly installed tracking codes on its website to capture—and disclose—a consumer's purchase of Zumba's prerecorded videos. ¶¶ 1–2. Zumba does not request or obtain its customers' consent prior to disclosing its customers' information. ¶ 5. Zumba knowingly transmitted its consumers' purchases to at least seven entities, including Meta, Pinterest, Google, and Twitter. ¶ 3.

Plaintiffs Catherine Kueppers and Watanya Brown purchased an on-demand Zumba instructor training course from Zumba's Website, which provided them with access to a set of sixteen prerecorded videos. ¶¶ 10, 21, 60. Plaintiffs provided their names, email addresses, and home address in connection with their purchase. ¶¶ 11, 22. When Plaintiffs purchased access to the prerecorded videos, Zumba disclosed to third parties Plaintiffs' unique Facebook ID ("FID") coupled with a URL to Plaintiffs' confirmation webpage. The webpage identified Plaintiffs by name and identified the prerecorded video materials they purchased. ¶ 101. Thus, the receiver of the URL disclosure could readily determine Plaintiffs' purchase. ¶¶ 15, 26, 103. Plaintiffs never consented to the disclosure of their information to third parties. ¶¶ 17, 28.

On January 13, 2025 Zumba moved to dismiss the original complaint, which contained materially similar allegations to those above. Zumba argued Plaintiffs failed to state a claim because (1) Zumba did not disclose the video titles; (2) an "ordinary person," could not "link" the consumer with the video based upon the disclosed URL; (3) Zumba did not knowingly transmitting those Facebook IDs/Pinterest IDs because Zumba never personally possessed or had

access to Plaintiffs' Facebook IDs/Pinterest user IDs; (4) Zumba disclosed the training course, which contained videos, but not the individual videos. *See* [DE 12].

On May 8, 2025, after reviewing Plaintiffs' allegations, the text of the VPPA, and a growing body of case law on similar or identical questions, the Court denied Zumba's Motion to Dismiss. In rejecting Zumba's arguments, the Court held that Plaintiffs had sufficiently stated a claim under the VPPA by alleging Zumba knowingly disclosed Plaintiffs' purchase of the Zumba training course, via a URL to a webpage, to Meta and Pinterest without consent. *See* [DE 23]. The Court held, *inter alia*, that "a plaintiff bringing a VPPA claim need not allege that the specific video titles were disclosed; rather, allegations that defendant disclosed a URL to a webpage containing the video that plaintiff obtained is sufficient." *Id.* p. 6. Moreover, the Court held that "Defendant's contention that the allegation that Defendant disclosed the 'training course' purchased (containing multiple "modules"), rather than the specific videos within the course, is of no moment for the purpose of the VPPA. Defendant doesn't argue that this training course doesn't contain any videos, only that it does not exclusively contain videos." *Id.* p. 7.

Zumba now moves for judgment on the pleadings, arguing that the Second Amended Complaint fails to allege a violation under the VPPA because Plaintiffs merely allege that (1) Zumba disclosed the training course, rather than the titles of the videos within the course; and (2) Plaintiffs only "subscrib[ed] to" or "obtain[ed] access" to a collection of videos. As explored below, the plain text of the statute does not impose any of the requirements that Zumba advances. Nor have most courts around the country imposed these additional requirements. Because Zumba's arguments are foreclosed by the text of the statute, the Motion [DE 54] is **DENIED**.[1]

[1] Parties dispute whether Zumba's instant arguments relitigate the arguments posed in Zumba's previously denied motion to dismiss. It appears some of Zumba's arguments are not exactly the same as those

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss; on a motion for judgment on the pleadings, a court must make all inferences in favor of the nonmoving party and "must 'accept the facts alleged in the complaint as true.'" *See Guarino v. Wyeth LLC,* 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) (quoting *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n,* 137 F.3d 1293, 1295 (11th Cir. 1998)). A motion to dismiss and a motion for judgment on the pleadings should not be granted unless "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Losey v. Warden,* 12-16363, 2013 WL 2450736, *1(11th Cir. June 4, 2013) (quoting *Horsley v. Feldt,* 304 F.3d 1125, 1131 (11th Cir. 2002)). The Court may consider all of the pleadings, including the complaint, answer, counterclaim, and answer to the counterclaim. *Fla. Evergreen Foliage v. E.I. DuPont de Nemours & Co.*, 165 F. Supp. 2d 1345, 1350 (S.D. Fla. 2001). If there are no issues of material fact and the moving party is entitled to judgment as a matter of law, then judgment on the pleadings should be granted. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005).

## III. DISCUSSION

Congress's intent in passing the VPPA was "[t]o preserve personal privacy with respect to the rental, purchase or delivery of video tapes or similar audio visual materials." S. Rep. No. 100-599, 1 1988 U.S.C.C.A.N. 4342-1. In 2012, Congress amended the VPPA "to reflect the

---

previously raised. Accordingly, they are addressed substantively herein. Where Zumba's arguments are repetitive, the Court's prior conclusions are reiterated herein.

realities of the 21st century." 158 Cong. Rec. H6849–01 (Dec. 18, 2012); *Ellis v. Cartoon Network, Inc*., 803 F.3d 1251, 1253 (11th Cir. 2015). In adopting the 2012 amendment to the VPPA, Congress recognized that "the Internet ha[d] revolutionized the way that American consumers rent and watch movies and television programs," such that the way "Americans used to watch videos in 1988—the VHS cassette tape—[wa]s now obsolete." S. Rep. 112-258, at 2. Thus, the VPPA has not "become a dead letter with the demise of the corner video store." *In re Nickelodeon Consumer Priv. Litig*., 827 F.3d 262, 285–86 (3d Cir. 2016). Indeed, overwhelmingly, courts have held that websites qualify as "a video tape service provider within the VPPA." *Golden v. NBCUniversal Media, LLC*, 688 F. Supp. 3d 150, 157 (S.D.N.Y. 2023)

The VPPA provides that "[a] video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person for the relief . . . " 18 U.S.C. § 2710. In turn, "the term 'personally identifiable information' includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710 (a)(3). Thus, to state a claim under the VPPA, a plaintiff must allege facts showing the defendant "actually knew it was disclosing: (1) a user's identity; (2) the identity of the video material; and (3) the connection between the two—i.e., that the given user had 'requested or obtained' the given video material." *In re Hulu Priv. Litig*., 86 F. Supp. 3d 1090, 1095 (N.D. Cal. 2015).

Here, Zumba allegedly disclosed—among other webpages in the check-out flow—a URL to a customer's order confirmation page, which contains (1) the name of the consumer, (2) the name of the training course purchased ("Zumba Basic I"); (3) whether the course would be

"online"—i.e., by pre-recorded video—or in person; (4) an indication that the checkout process was complete ("YOU'RE ALL SET"). *See* SAC ¶ 101:




Because this disclosed webpage plausibly "identifies a person as having requested or obtained specific video materials or services from a video tape service provider[,]" Plaintiffs' allegations suffice to state a claim.[2]

*a) Specific Video Materials*

Plaintiffs have sufficiently alleged the disclosure of "specific video materials" by alleging that Zumba disclosed the title of the training course purchased—that is, the "Zumba Basic I" training course, although the video titles within the course were not disclosed, and although "Zumba Basic I" training course arguably is not itself a video, but instead contains sixteen video modules. SAC ¶ 60. The VPPA holds liable "[a] video tape service provider who knowingly

[2] In its Motion and Reply, Zumba makes much of the fact that Plaintiffs' allegations are contradicted by its "exhibits." This argument is confusing because there are no exhibits attached to the Second Amended Complaint. Instead, the screenshot that Zumba appears to be referring to appears at SAC ¶ 101 and depicts the disclosed confirmation webpage (reproduced above), which is embedded within the complaint and is part of the complaint for all purposes. Zumba can rest assured that this Court has not accepted any of Plaintiffs' conclusory allegations as true—for example, that the confirmation webpage "prominently displays . . . the name of the specific video materials." SAC ¶ 101; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the analysis and conclusions herein are based upon the content of the screenshotted webpage. *See* SAC ¶ 101.

discloses, to any person, personally identifiable information concerning any consumer of such provider." 18 U.S.C. § 2710. In turn, "the term 'personally identifiable information' includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710 (a)(3). The plain text does not impose any requirement that specific video *titles* are disclosed, only "specific video *materials or services*." The Zumba Basic I training course is specific video material: it is "specific" in that it precisely names the course, and it is "video material" in that it allegedly contains sixteen pre-recorded videos. SAC ¶ 60. Accordingly, "[D]efendant's emphasis on the lack of a specific video title in the complaint does not appear warranted by the text of the statute." *Haines v. Cengage Learning, Inc.,* No. 1:24-CV-710, 2025 WL 2336089, at *7 (S.D. Ohio May 5, 2025), *report and recommendation adopted*, No. 1:24-CV-710, 2025 WL 2045644 (S.D. Ohio July 22, 2025); *Korn v. Simplilearn Americas Inc*., No. 25-CV-10461, 2026 WL 472984, at *4 (D. Mass. Feb. 19, 2026) ("plaintiff's failure to allege the actual title of a specific video" was not "fatal to his claim").

Nor is liability avoided where Zumba disclosed the title of a training course that *contains* pre-recorded videos. Nothing in the statute promotes this narrow interpretation. Under that reading, the VPPA would illogically "fail to protect any person who rented a consolidated trilogy or an entire season of a sitcom rather than a single episode or single film." *Damrau v. Colibri Grp., LLC*, No. 24-CV-01441, 2026 WL 198712, at *5 (E.D. Mo. Jan. 23, 2026). *Aldana v. GameStop, Inc*., No. 22-CV-7063, 2024 WL 708589, at *7 (S.D.N.Y. Feb. 21, 2024), *motion to certify appeal denied*, No. 22-CV-7063, 2024 WL 3104345 (S.D.N.Y June 24, 2024) ("there is no question that disclosing the name of the video game purchased also discloses the cut scenes that are included in that particular video game.").

Indeed, courts have repeatedly endorsed the view that disclosure of educational courses in the form of pre-recorded videos, in particular, fall within the statute's scope. *See Haines*, 2025 WL 2336089, at *7 (disclosure to Meta "that plaintiff purchased a 'Medical Billing and Coding' online course and that it was an 'advanced career training' course" was sufficient to state a claim, as both "denote a particular thing available at a particular URL."); *Korn*, 2026 WL 472984, at *4 ("standalone [course] offering that contains its own distinct video modules" qualified as disclosure of "specific video materials or services" where "disclosure of the course title also discloses precisely what videos were requested and obtained."); *Cf.*, *Dawson v. Univ. of Phoenix, Inc.*, No. 25-CV-03497, 2026 WL 92248, at *5 (N.D. Ill. Jan. 13, 2026) (approving a VPPA claim against a university that disclosed students' accessing pre-recorded coursework to Meta through tracking pixels).

*b) Subscription to Access*

Plaintiffs interchangeably allege that they purchased "video materials" from Zumba (*see, e.g.*, SAC ¶¶ 12, 15), and that they subscribed to or purchased access to those materials (*see, e.g.*, *id*. ¶¶ 10, 13, 14). Zumba argues a "subscription to access" prerecorded videos falls outside the statute's reach. Mot. [DE 54] pp. 2, 3, 4, 9, 12. The text of the VPPA expressly forecloses this argument. The VPPA protects, as a consumer, "any renter, purchaser, *or subscriber of goods or services* from a video tape service provider." 18 U.S.C. § 2710(a)(1) (emphasis added). In the Eleventh Circuit, a subscription under the VPPA "involves some type of commitment, relationship, or association (financial or otherwise) between a person and an entity." *Ellis*, 803 F.3d at 1257. There is no argument that Plaintiffs are not subscribers—and therefore, not consumers protected by the statute. Moreover, the statute broadly protects "consumers" who have "requested or obtained" specific video materials or services, without delineating the method

by which those videos were "requested or obtained." 18 U.S.C. § 2710(a)(3). Accordingly, contrary to Zumba's contention, Plaintiffs are plainly protected under the statute as "subscribers to access" the Zumba Basic I course. The Court respectfully disagrees with Zumba's two cited authorities, which have interpreted a "subscription to access videos" to fall outside the VPPA. Those authorities are persuasive but not controlling on this Court. *See* Mot. [DE 54] (citing *Benson v. SimpleNursing, LLC*, No. 24-1118, 2026 WL 1045614, at *4 (D. Del. Apr. 17, 2026) and *Lovett v. Continued.com, LLC*, No. 1:24-cv-590, 2025 WL 1809719 (S.D. Ohio July 1, 2025)).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Zumba's Motion for Judgment on the Pleadings [DE 54] is **DENIED**.[3]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 28th day of July, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record

[3] To the extent Zumba mounts additional arguments in its Motion, they have not been developed and are therefore waived. "When parties do not fully develop their arguments and support them with citation to legal authority, the burden upon the Court is improperly increased." *Hewlett-Packard Co. v. CP Transp., LLC*, 2012 WL 4795766, *2 (S.D. Fla. Oct. 9, 2012). Thus, "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." Id. (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997)).