# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| CATHERINE KUEPPERS; and WATANYA BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUMBA FITNESS, LLC,<br><br>Defendant. | Case No. 0:24-cv-61983-WPD |

**CLASS-ACTION SETTLEMENT AGREEMENT**

Plaintiffs Catherine Kueppers and Watanya Brown, on behalf of themselves and others similarly situated, and Zumba Fitness, LLC (collectively, the "Parties") hereby enter into the following Class-Action Settlement Agreement to fully and finally resolve this action on the terms set forth below pursuant to Federal Rule of Civil Procedure 23, subject to approval by the Court.

## I. RECITALS

WHEREAS, on October 23, 2024, Plaintiff Kueppers initiated the Action by filing a Class Action Complaint against Defendant for violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq*. (the "VPPA"), on behalf of herself and others similarly situated (ECF No. 1) (the "Complaint");

WHEREAS, on January 13, 2025, Defendant filed a motion to dismiss the Complaint for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 12);

WHEREAS, on May 8, 2025, the Court issued an order denying Defendant's motion to dismiss (ECF No. 23);

WHEREAS, on May 19, 2025, Defendant filed an answer and affirmative defenses to the Complaint (ECF No. 24);

WHEREAS, on November 26, 2025, Plaintiffs Kueppers and Brown filed the operative Second Amended Class Action Complaint (ECF No. 45);

WHEREAS, on December 19, 2025, Defendant filed an answer and affirmative defenses to the Second Amended Class Action Complaint (ECF No. 46);

WHEREAS, on June 10, 2026, Defendant filed a motion for judgment on the pleadings (ECF No. 54);

WHEREAS, on June 15, 2026, Plaintiffs filed a motion for class certification (ECF No. 57);

WHEREAS, on July 22, 2026, the Court issued an order denying Defendant's motion for judgment on the pleadings (ECF No. 79);

WHEREAS, during discovery in this matter, Plaintiffs served five sets of Requests for Production, three sets of Interrogatories, one set of Requests for Admission, and six notices of deposition to Defendant, as well as nine subpoenas to produce documents, information, or objects to third parties;

WHEREAS, during the course of these proceedings, Plaintiffs took and defended several depositions, produced documents and communications to Defendant responsive to its discovery requests, received and reviewed thousands of documents and communications and voluminous sets of ESI produced by Defendant and numerous third parties responsive to their requests, and conducted countless meet-and-confer conferences with Defendant and various third parties concerning the sufficiency of their responses and objections to Plaintiffs' requests and subpoenas;

WHEREAS, Plaintiffs retained and were assisted throughout this litigation by Colin B. Weir of Economics & Technology, Inc., who served as their expert witness in support of class certification and assisted their counsel review and analyze the voluminous sets of electronic records reflecting data transmissions between Defendant and the relevant third parties that Plaintiffs obtained in discovery;

WHEREAS, on August 18, 2026, armed with the information, documents, and ESI they had obtained in discovery, as well as the important insights provided to them by Mr. Weir, Plaintiffs sent a written demand to Defendant to resolve this matter on behalf of the Class;

WHEREAS, on August 20, 2026, the Court issued an order granting Plaintiffs' motion for class certification, certifying the Class and Subclasses (as defined in the motion for class certification), appointing Plaintiffs as representatives of the Class and Subclasses, appointing Plaintiffs' counsel as counsel for the Class and Subclasses, and directing the Parties to submit proposed pretrial class notices to the Court for approval (ECF No. 85);

WHEREAS, following the Court's order granting class certification, Class Counsel solicited bids from companies capable of administering a Class notice program, including disseminating pretrial notices to the Class, and ultimately selected Simpluris, Inc. to serve in this role (subject to Court approval), and thereafter worked closely with Simpluris to prepare drafts of proposed notices to the Class;

WHEREAS, on August 26, 2026, Defendant accepted Plaintiffs' pending settlement demand, the material terms of which were the same as those set forth herein;

WHEREAS, on August 28, 2026, the Parties executed a binding term sheet memorializing all material terms of their agreement to resolve the case (again, the same material terms as those

set forth herein) and, later that same day, filed a notice of settlement to apprise the Court of their proposed settlement (ECF No. 86);

WHEREAS, the Parties and their counsel executed this Settlement Agreement on the date of the last signature below;

WHEREAS, at the time Plaintiffs and their counsel sent their settlement demand to Defendant to resolve the case on behalf of the Class, on the terms set forth in this Settlement Agreement, Plaintiffs and their counsel had obtained and thoroughly reviewed, with the assistance of their expert, Mr. Weir, an enormous volume of documents, communications, and ESI relevant to the claims of the members of the Class and Defendant's defenses thereto, and were well positioned to intelligently assess the strengths and weaknesses of those claims and defenses and thus the risks posed by continued litigation;

WHEREAS, Defendant continues to deny all allegations of wrongdoing and disclaims all liability with respect to all claims but considers it desirable to resolve the action on the terms stated herein to avoid further expense, inconvenience, and burden, and therefore has determined that this settlement on the terms set forth herein is in Defendant's best interests. Defendant has entered into this Settlement Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Complaint, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to, or concede any of the allegations made in any of the complaints or in the Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Settlement Agreement shall be used or construed as an admission of liability, and this Settlement Agreement shall not be offered or received in evidence in any action

or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Settlement Agreement;

WHEREAS, this Settlement Agreement is a compromise, and the Settlement Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Persons, with respect to any claim of any fault or liability or wrongdoing or damage whatsoever;

WHEREAS, Plaintiffs, as representatives of the Class, continue to believe that the claims settled herein have substantial merit, but they and their counsel nevertheless recognize and acknowledge the expense, length, and uncertainty of the proceedings necessary to prosecute the claims through trial, appeal, and potentially ancillary actions;

WHEREAS, Plaintiffs and their counsel have also taken into account the inherent risks posed by continued litigation, as well as the difficulties and delay inherent in such litigation, and believe that the Settlement set forth in this Settlement Agreement, if approved, will confer substantial benefits and meaningful relief to Class members, in a timely and efficient manner;

WHEREAS, based upon their review, investigation, and evaluation of the facts and law relating to the matters alleged in the Action, Plaintiffs and their counsel have determined that the Settlement set forth in this Settlement Agreement is in the best interest of the Class; and

WHEREFORE, in consideration of the foregoing and the mutual covenants, promises, and releases set forth below, for good and valuable consideration as set forth below, the receipt and sufficiency of which is hereby mutually acknowledged, and subject to preliminary and final approval of the Court, the Parties hereby agree as follows:

## II. DEFINITIONS

As used in this Settlement Agreement and the attached **Exhibits A-E**, the following terms have the meanings set forth below, unless this Settlement Agreement specifically provides otherwise:

1. "Action" means *Kueppers et al. v. Zumba Fitness, LLC*, No. 0:24-cv-61983-WPD, pending in the United States District Court for the Southern District of Florida.

2. "Agreement" or "Settlement Agreement" means the instant Class-Action Settlement Agreement, inclusive of **Exhibits A-E** hereto.

3. "Attorneys' Fee and Expense Award" means any Court-approved award of attorneys' fees and reimbursement of out-of-pocket litigation expenses, paid to Class Counsel out of the Settlement Fund, as further described in Section IV below.

4. "CAFA Notice" means notice of this proposed Settlement to the requisite federal and state officials, made by Defendant, or by the Settlement Administrator at Defendant's direction and as its agent, within 10 days of Plaintiffs' filing of a Motion for Preliminary Approval of this Settlement, in accordance with 28 U.S.C. § 1715.

5. "Cash Award" means the cash compensation that each Class Member shall be entitled to receive from the Net Settlement Fund, as detailed in Section III below.

6. "Class" means the "Class" defined in Plaintiffs' motion for class certification (ECF No. 57) and certified by the Court in its August 20, 2026, order granting Plaintiffs' motion for class certification (ECF No. 85), which is as follows:

> All natural persons in the United States who purchased the ZB1 OD Version from the Website, and whose first and last names appeared on "order confirmation pages" accessible at ZB1 OD Version Order URLs in the possession of [Meta, Pinterest, and/or MNTN], between October 22, 2022, and October 22, 2024.

*See* ECF Nos. 57, 85.

7. “Class Counsel” means Frank S. Hedin and Tyler K. Somes of Hedin LLP.

8. “Class List” means the list of Class Members identified by first and last name in Exhibit D to the Second Supplemental Declaration of Colin B. Weir submitted by Plaintiffs in support of their motion for class certification.

9. “Class Member” means a member of the Class. There are 4,543 Class Members, all of whom are identified by name in the Class List.

10. “Class Notice” collectively refers to the email, postcard, and long-form notices of the Court’s order granting class certification and of this proposed class-action Settlement, in the form attached hereto as **Exhibits A-C**. Subject to Court approval, and by no later than the Notice Date, the short-form e-mail and postal mail Class Notices shall be disseminated directly to all Class Members by both e-mail and postal mail and the long-form Class Notice shall be made available on the Settlement Website.

11. “Class Notice Program” means the process devised by the Parties and the Settlement Administrator, and as approved by the Court, for notifying Class Members of the Court’s order granting class certification and of the Settlement and Settlement Agreement, which shall be comprised of the short-form Class Notices to be sent directly to all Class Members by both e-mail and postal mail, the Settlement Website where the long-form Class Notice and other Settlement-related information, documents, and electronic forms will be located, the toll-free Settlement hotline, and the CAFA Notice, as set forth in Section V below.

12. “Court” means the judicial forum in which the Action is pending: the United States District Court for the Southern District of Florida, the Honorable William P. Dimitrouleas presiding.

13. "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. When computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, Sunday, or federal or State of Florida legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or federal or State of Florida legal holiday.

14. "Defendant" means Zumba Fitness, LLC.

15. "Defense Counsel" means Cole Scott & Kissane, P.A.

16. "Effective Date" means the first date after all of the following events and conditions have been met or have occurred: (a) the Court enters the Preliminary Approval Order; (b) the Opt-Out and Objection Date has passed; (c) the Court enters a Final Approval Order and Judgment; and (d) only to the extent an objection to the Settlement was timely filed, the time to appeal from the Final Approval Order and Judgment has expired and no notice of appeal has been filed, or, in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order and Judgment has remained intact in all material respects. The Parties agree that the Court shall retain jurisdiction to enforce the terms of this Settlement Agreement unless specifically set forth otherwise herein.

17. "Final Approval" means Court's final approval of the Settlement, which occurs when the Court enters the Final Approval Order and Judgment.

18. "Final Approval Hearing" or "Fairness Hearing" means the hearing before the Court, scheduled on or after the date that is one-hundred twenty (120) Days after entry of the Preliminary Approval Order, where the Parties will request entry of the Final Approval Order and

Judgment approving the Settlement Agreement and where Class Counsel will request approval of the requested Attorneys' Fee and Expense Award.

19. "Final Approval Order and Judgment" means a final order granting approval of the Settlement and entering judgment after the Final Approval Hearing. A proposed Final Approval Order and Judgment, substantially in the form attached hereto as **Exhibit D**, shall be submitted to the Court together with the Motion for Final Approval.

20. "Meta" refers to Meta Platforms, Inc.

21. "Meta Disclosure Subclass" means the 1,576 Class Members whose first and last names appeared on "order confirmation pages accessible at ZB1 OD Version Order URLs in the possession of Meta" during the Relevant Time Period. All members of the Meta Disclosure Subclass are identified by first and last name on the Class List.

22. "MNTN" refers to MNTN, Inc.

23. "MNTN Disclosure Subclass" means the 2,665 Class Members whose first and last names appeared on "order confirmation pages accessible at ZB1 OD Version Order URLs in the possession of MNTN" during the Relevant Time Period. All members of the MNTN Disclosure Subclass are identified by first and last name on the Class List.

24. "Motion for Final Approval" means the motion that Plaintiffs and Class Counsel will file with the Court seeking Final Approval of the Settlement and entry of the Final Approval Order and Judgment. The Motion for Final Approval shall be accompanied by the proposed Final Approval Order and Judgment substantially in the form attached hereto as **Exhibit D**. The Motion for Final Approval shall be filed with the Court no later than fourteen (14) Days before the Final Approval Hearing.

25. "Motion for Preliminary Approval" means the motion that Plaintiffs and Class Counsel will file with the Court on or before September 14, 2026, seeking Preliminary Approval of the Settlement. The Motion for Preliminary Approval shall be accompanied by the proposed Preliminary Approval Order substantially in the form attached hereto as **Exhibit E**.

26. "Net Settlement Fund" means the amount of the Settlement Fund, together with all interest earned thereon, minus the amounts of any Court-approved Settlement Administration Expenses and any Court-approved Attorneys' Fee and Expense Award. The Net Settlement Fund shall be used to pay Cash Awards to Class Members, in the form and manner set forth in Section III below.

27. "Notice Date" means the Day that falls thirty (30) Days after the Preliminary Approval Date, and which is the deadline for the Settlement Administrator to disseminate the short-form Class Notice to all Class Members by e-mail and postal mail and establish the Settlement Website and toll-free hotline.

28. "Opt-Out" means Class Member who properly submitted a request for exclusion from the Class (and all Subclasses to which he or she belonged) on or before the Opt-Out and Objection Date, pursuant to the requirements set forth in Section VII below, and who did not subsequently revoke such exclusion request on or before the Opt-Out and Objection Date. Any Class Member who timely excludes himself or herself from the Class, pursuant to the requirements set forth in Section VII below, and who does not timely revoke such exclusion, shall also be deemed to have excluded himself or herself from all Subclass(es) to which he or she belonged.

29. "Opt-Out List" means a list compiled by the Settlement Administrator identifying all Opt-Outs.

30. “Opt-Out and Objection Date” means the date that falls sixty (60) Days after the Notice Date, and which is the deadline for (a) any Class member who wishes to be excluded from the Class (and all Subclasses to which he or she belongs) to submit a written request for exclusion from the Class pursuant to the requirements set forth in Section VII below, and (b) any Class member who wishes to object to any aspect of the Settlement (including the Attorneys’ Fee and Expense Award) to submit and file any written objection pursuant to the requirements set forth in Section VII below; and (3) any Class member who submitted a request for exclusion from the Class to withdraw such request for exclusion.

31. “Person” means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity.

32. “Pinterest” refers to Pinterest, Inc.

33. “Pinterest Disclosure Subclass” means the 3,061 Class Members whose first and last names appeared on “order confirmation pages accessible at ZB1 OD Version Order URLs in the possession of Pinterest” during the Relevant Time Period. All members of the Pinterest Disclosure Subclass are identified by first and last name on the Class List.

34. “Plaintiffs” means Catherine Kueppers and Watanya Brown, the named plaintiffs in the Action.

35. “Preliminary Approval” means the Court’s preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order.

36. “Preliminary Approval Date” means the date on which the Court preliminarily approves the Settlement by entering the Preliminary Approval Order.

37. "Preliminary Approval Order" means the order entered by the Court preliminarily approving the Settlement, substantially in the form attached hereto as **Exhibit E**.

38. "Released Claims" means all liabilities, claims, actions, causes of action, demands, damages, including punitive, special or exemplary damages, attorneys' fees, costs or expenses of suit, injunctive relief, declaratory relief, specific performance, prejudgment or post-judgment interest, penalties, losses, or remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based upon, resulting from, arising out of, or relating to any disclosure or transmission of personally identifiable information ("PII") made by or on behalf of Defendant to any person or entity at any time during the Relevant Time Period, including, but not limited to, any and all such claims for violation of the Video Privacy Protection Act arising out of, based upon, resulting from, or relating to any facts alleged or that could have been alleged in the Action. Released Claims shall comprise any such claims against Defendant, including each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and the present and former directors, executives, members, managing members, officers, employees, insurers, shareholders, attorneys, advisors, representatives, partners, and any firm, trust, corporation or other entity in which Defendant has a controlling interest. Notwithstanding the foregoing, Released Claims shall not include the right of any Releasing Person to enforce the terms of the Settlement contained in the Settlement Agreement, and shall not include any claims of any Class Members who have become Opt-Outs by timely requesting exclusion from the Class.

39. "Released Persons" means Defendant and its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and the present and former directors, executives, members, managing members, officers, employees, insurers, shareholders,

attorneys, advisors, representatives, partners, and any firm, trust, corporation or other entity in which Defendant has a controlling interest.

40. "Releasing Persons" means Plaintiffs and all Class Members, except for Opt-Outs.

41. "Relevant Time Period" means October 22, 2022, through October 22, 2024.

42. "Settlement" means the settlement set forth in this Class-Action Settlement Agreement.

43. "Settlement Administration Expenses" means the expenses and fees incurred by the Settlement Administrator disseminating the Class Notice to the Class, responding to inquiries from Class Members; establishing, overseeing, maintaining, and disbursing funds from the Settlement Fund, including all Cash Awards to Class Members and any Court-approved Attorneys' Fee and Expense Award to Class Counsel; establishing and maintaining the Settlement Website and toll-free hotline; receiving requests for exclusion from and objections to the Settlement, and providing copies of the same to Class Counsel and Defense Counsel; and performing any other administrative services or tasks required to effectuate the Settlement pursuant to the terms of the Settlement Agreement or otherwise ordered by the Court. All Settlement Administration Expenses shall be paid out of the Settlement Fund. The Settlement Administrator estimates that it will incur $28,095.00 in Settlement Administration Expenses and has agreed that in no circumstances shall it incur more than $32,095.00 in Settlement Administration Expenses.

44. "Settlement Administrator" means Simpluris, Inc., subject to Court approval.

45. "Settlement Fund" means the all-cash, non-reversionary settlement fund to be established by Defendant in the amount of Two Million Seven-Hundred Thousand and 00/100 United States Dollars ($2,700,000.00).

46. "Settlement Share" means the Net Settlement Fund divided by the sum of the number of Meta Disclosure Subclass members (1,576), the number of Pinterest Disclosure Subclass members (3,061), and the number of MNTN Disclosure Subclass members (2,665), excluding any Opt-Outs. Thus, if no Class Members become Opt-Outs by timely requesting exclusion from the Class, and if the Court approves the most that could be requested for Settlement Administration Expenses and an Attorneys' Fee and Expense Award, there will be 7,302 Settlement Shares, each worth $228.78. As set forth below in Section III, every Class Member who does not become an Opt-Out will be automatically paid a Cash Award, the amount of which shall be computed by multiplying the number of Subclass(es) to which the Class Member belongs by the value of each Settlement Share.

47. "Settlement Website" means the dedicated Settlement website accessible at www.ZumbaVPPASettlement.com, which shall be created and maintained by the Settlement Administrator and will contain important information and documents about the Action and the Settlement, including copies of the operative Second Amended Class Action Complaint and the Defendant's Answer thereto, the Court's Order Granting Plaintiffs' Motion for Class Certification, the instant Settlement Agreement, the long-form Class Notice, the Motion for Preliminary Approval, the Preliminary Approval Order, the Motion for Attorneys' Fee and Expense Award, the Motion for Final Approval, the Final Approval Order and Judgment, and any other relevant Settlement-related documents, and will contain online forms for Class members to elect electronic payment for Cash Awards in lieu of paper checks and to update the postal address to which the Settlement Administrator should send their Cash Awards by paper check following Final Approval. The Settlement Website will be deactivated and/or taken down within three (3) days of the Court's order and judgment granting final approval of the Settlement becoming final and non-appealable.

48. "Subclasses" means collectively the Meta Disclosure Subclass, the MNTN Disclosure Subclass, and the Pinterest Disclosure Subclass.

49. "VPPA" refers to the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq*.

50. "ZB1 OD Version" means the on-demand (or "online") version of the Zumba Basic 1 training course sold by Defendant on Zumba.com during the Relevant Time Period.

51. "ZB1 OD Version Order URL" means the URL of an order confirmation page to which a person was sent upon purchasing the ZB1 OD Version on Defendant's Zumba.com website during the Relevant Time Period.

52. The plural of any defined term includes the singular, and vice versa, as made necessary in context.

## III. SETTLEMENT FUND & MONETARY RELIEF TO CLASS

53. In consideration of a full, complete, and final settlement of the Action, dismissal of the Action with prejudice, and the Releases provided herein, and subject to the Court's approval, the Parties agree that Defendant will provide the following relief to Class Members.

54. Settlement Fund and Escrow Account. Within thirty (30) Days of the Preliminary Approval Date, Defendant (and/or its insurer) shall establish the Settlement Fund by depositing or causing to be deposited cash in the total amount of $2,700,000.00 (Two Million Seven-Hundred Thousand and 00/100 Dollars) into an interest-bearing "qualified settlement fund," to be created and administered by the Settlement Administrator, at a commercial bank, to be determined by the settlement administrator, with excess capital exceeding one-hundred million dollars and 00/100 ($100,000,000.00), with a rating of "A" or higher by S&P and in an account that is fully insured by the United States Government or the FDIC.

55. All interest on the funds in the Settlement Fund shall accrue to the benefit of the Class. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the settlement administrator. The settlement administrator shall be responsible for the payment of all taxes owed from any interest earned on the funds in the Settlement Fund.

56. The funds in the Settlement Fund shall be deemed a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. All taxes shall be paid out of the Settlement Fund. Defendant and its insurers, defense counsel, Plaintiffs and Class Counsel shall have no liability or responsibility for any taxes. The Settlement Fund shall indemnify and hold Defendant and its insurers, defense counsel, Plaintiffs, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

57. For purposes of the Internal Revenue Code and the Treasury regulations thereunder, the Settlement Administrator shall be designated as the "administrator" of the Settlement Fund. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns shall be consistent with this paragraph and in all events shall reflect that all taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds are distributed by the Settlement Administrator pursuant to this Settlement Agreement or further order of the Court.

58. The amount deposited by or on behalf of Defendant to establish the Settlement Fund represents Defendant's total monetary obligation under this Agreement. The Settlement Fund shall

be used to pay any and all (a) Court-approved Settlement Administration Expenses, including CAFA notice costs; (b) Court-approved Attorneys' Fee and Expense Award; and (c) Cash Awards to Class members. Under no circumstances shall Defendant be required to pay any money in excess of the amount necessary to establish the Settlement Fund pursuant to this Agreement.

59. The Settlement Administrator shall not disburse any portion of the Settlement Fund except as provided in this Agreement and with the written agreement of Class Counsel and Defense Counsel or by order of the Court.

60. All Settlement Administration Expenses, up to the agreed-upon not-to-exceed figure of $32,095.00 or as otherwise specified by the Court, will be drawn from the Settlement Fund by the Settlement Administrator, subject to the written approval of Defense Counsel and Class Counsel, pursuant to the terms set forth in this Agreement and as approved by the Court.

61. Within thirty (30) days of entry of the Effective Date, any remaining Settlement Administration Expenses (other than those previously paid to the Settlement Administrator from the Settlement Fund to cover preliminary Settlement Administration Expenses, including the costs of CAFA notice) shall be paid to the Settlement Administrator from the Settlement Fund and any Court-approved Attorneys' Fee and Expense Award shall be paid to Class Counsel from the Settlement Fund.

62. The remainder of the Settlement Fund, i.e., the total Settlement Fund and any and all interest or other earnings thereon, less any and all Court-approved Settlement Administration Expenses and Attorneys' Fee and Expense Award, shall be referred to herein as the "Net Settlement Fund."

63. With sixty (60) days of the Effective Date, the entire Net Settlement Fund shall be used to pay Cash Awards to Class Members (except for those who have become Opt-Outs by timely filing requests for exclusion from the Class).

64. Class Members need not submit claim forms or otherwise take any action to receive a Cash Award.

65. With sixty (60) days of the Effective Date, all Class Members, except for those who become Opt-Outs by timely requesting exclusion from the Class, will automatically be sent a Cash Award by the Settlement Administrator, in the form of either (a) a check sent via U.S. Postal Mail (the default payment method, with such check sent to either the Class Member's address on file in Defendant's records, any more current address obtained by the Settlement Administrator through National Change of Address or other publicly available database, or any more current address provided by the Class Member by submitting an electronic change of address form on the Settlement Website); or (b) an electronic payment made via one of the electronic payment methods offered by the Settlement Administrator on the Settlement Website (but only if such electronic payment method is elected by a Class Member using an electronic form on the Settlement Website, and, in that event, to the electronic wallet address provided by the Class Member on such form).

66. The amount of each Class Member's Cash Award shall be computed by (a) determining the number of Subclasses to which the Class Member belongs; and (2) multiplying that number by the value of each Settlement Share.

67. Thus, if no Class Members become Opt-Outs by timely requesting exclusion from the Class, and if the Court approves the most that could be requested for Settlement Administration Expenses and an Attorneys' Fee and Expense Award, there will be 7,302 Settlement Shares, each

worth $228.78, and the amount of the Cash Award paid to each of the 4,543 Class Members, depending on the number of Subclass(es) to which they belong, will be as follows:

| # of Subclasses Class Member Belongs to | $ of Cash Award | # of Class Members Receiving Cash Award $ Specified in Column 2 |
|---|---|---|
| 1 | $228.78 | 1,917 |
| 2 | $457.56 | 2,493 |
| 3 | $686.34 | 133 |

The amounts shown in this table are the minimum amounts that will be paid to each Class Member upon Final Approval. Should the Settlement Administrator incur fewer expenses than the agreed-upon cap for Settlement Administration Expenses, should the Court award an Attorneys' Fee and Expense Award of an amount lower than the amount Class Counsel request, or should any Class Member(s) become an Opt-Out(s) by timely requesting exclusion from the Class, the amounts of the Cash Awards reflected in this table will increase.

68. If any Cash Award sent to a Class Member as a paper check is returned as undeliverable, the Settlement Administrator will attempt to notify the Class Member, including by telephone and e-mail, to obtain an alternative mailing address for such person (and, if necessary, by querying available databases to identify an alternative mailing address for such person), and shall mail the paper check to such alternative address. If, after such efforts, such paper check is again returned as undeliverable, the Settlement Administrator will make another attempt to notify the Class Member, including by telephone and e-mail, to obtain an alternative mailing address for such Class Member. If, after such efforts, an alternative mailing address cannot be obtained for such Class Member, no further efforts need be taken by the Settlement Administrator to resend such check.

69. Cash Awards sent to Class Members via an electronic payment method shall never expire. Cash Awards paid by paper check will state on their face that the check will expire and

become null and void unless cashed within one hundred eighty (180) days after the date of issuance, as identified on the check, and all such uncashed check funds shall be disbursed pursuant to the provisions of Section III herein.

70. Under no circumstances shall any portion of the Settlement Fund revert to Defendant. Any funds remaining in the Settlement Fund after all checks sent to Class Members have either been negotiated or expired shall be redistributed in a secondary distribution to those Class members who received electronic payments or negotiated checks in the initial distribution, after the costs of conducting such secondary distribution are first deducted from the amount remaining in the Settlement Fund. Subsequent distributions shall continue until the amount remaining in the Settlement Fund, net of the costs required to make a further distribution, renders any further distribution impracticable, at which point the remainder of the Settlement Fund shall be distributed to the Electronic Privacy Information Center, a 501(c)(3) non-profit research and advocacy center focused on protecting digital privacy rights. The Parties to this agreement and their counsel represent and warrant that they have no affiliation or relationship with Electronic Privacy Information Center or any person employed by Electronic Privacy Information Center.

## IV. ATTORNEYS' FEES AWARD AND REIMBURSEMENT OF CLASS COUNSEL'S COSTS AND EXPENSES

71. Attorneys' Fee and Expense Award. By no later than twenty-one (21) days prior to the Opt-Out and Objection Date, Class Counsel will file an application with the Court for an Attorneys' Fee and Expense Award, and the Settlement Administrator shall promptly post (within one (1) Day of filing) a copy of such motion on the Settlement Website. Class Counsel intend to request one-third (1/3) of the Settlement Fund, plus the out-of-pocket costs and expenses they incurred prosecuting the Action on behalf of the Class (which total $97,350.81), as an Attorneys' Fee and Expense Award (for a total of $997,350.81). The Class Notices (both long- and short-

form) shall inform Class Members of such amounts. No agreement has been made between the Parties concerning the amount of any Attorneys' Fee and Expense Award that Class Counsel may seek. Defendant has the right to oppose or object to any Attorneys' Fee and Expense Award that Class Counsel might make, regardless of its amount.

72. Settlement Independent of Attorneys' Fee and Expense Award. The payment of any Attorneys' Fee and Expense Award is subject to and dependent upon the Court's approval of such award as fair, reasonable, and adequate. In the event the Court declines Class Counsel's request or awards less than the amount sought, the Settlement will continue to be effective and enforceable by the Parties.

## V. SETTLEMENT ADMINISTRATION AND CLASS NOTICE

73. Costs of Notice. All Settlement Administration Expenses, including the costs of preparing, printing and disseminating the Class Notice to Class Members, the costs of establishing and maintaining the Settlement Website and toll-free hotline, the costs of identifying updated or more current addresses for Class Members, the costs of disbursing Cash Awards to Class Members, and any other costs of any nature whatsoever incurred in administering the Settlement, shall be paid for out of the Settlement Fund, subject to the terms set forth herein and approval by the Court. In the event that this Settlement Agreement is terminated in accordance with its terms, Defendant shall bear any and all Settlement Administration Expenses already incurred.

74. Settlement Administrator. The Settlement Administrator shall be responsible for all matters relating to the administration of this Settlement, as set forth below. Those responsibilities include, but are not limited to: disseminating the Class Notice, as provided in this Settlement Agreement; creating and maintaining a Settlement Website and toll-free hotline; acting as a liaison between Class Members and the Parties; overseeing and administering the Settlement Fund; handling the process of mailing, electronically paying, and otherwise disbursing Cash Awards;

disbursing from the Settlement Fund any Court-approved Attorneys' Fee and Expense Award to Class Counsel; and preparing and providing a declaration to Defense Counsel and Class Counsel that will: (i) attest the compliance with the provisions of this Settlement Agreement related to Class Notice and the disbursement of and accounting pertaining to the Settlement Fund; (ii) listing each Class Member who timely submitted a request for exclusion from the Settlement; and performing any other tasks reasonably required to effectuate the Settlement.

75. Settlement Website. The Settlement Administrator shall create and maintain the Settlement Website, which shall be active and fully functional by no later than the Notice Date. The Settlement Administrator's responsibilities shall also include securing the domain name ZumbaVPPASettlement.com, or another appropriate domain name as agreed upon by the Parties and approved by the Court, where the Settlement Website may be accessed by the Class. The Settlement Website will contain information about the Settlement and case-related documents such as the operative Second Amended Class Action Complaint and the Defendant's Answer thereto, the Court's Order Granting Plaintiffs' Motion for Class Certification, the instant Settlement Agreement, the long-form Class Notice (in the form attached hereto as **Exhibit C**), the Motion for Preliminary Approval, the Preliminary Approval Order, the Motion for Attorneys' Fee and Expense Award, the Motion for Final Approval, the Final Approval Order and Judgment, and any other relevant Settlement-related documents. On the Settlement Website, Class Members shall have the ability to: (1) elect to receive their Cash Award by electronic payment method (via one of the methods offered by the Settlement Administrator) instead of by paper check, the default method of payment; and (2) provide updated mailing addresses at which they would like to receive their Cash Award by paper check, to the extent they do not request electronic payment instead. All of

the above-described documents and functionality shall be available and accessible on the Settlement Website by no later than the Notice Date.

76. The Settlement Website will terminate (i.e., its contents shall no longer be accessible on the Internet) within three (3) Days of the Effective Date.

77. Toll-Free Hotline. The Settlement Administrator will create and maintain a toll-free telephone hotline, to be activated and fully functional by no later than the Notice Date, that Class Members may call to receive additional information about the case and the Settlement and to request that a copy of the long-form Class Notice be sent to them via e-mail or postal mail.

78. Notice Plan. The Class Notice shall fully comply with all requirements of Rule 23, all constitutional requirements of due process, and any other applicable law, and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court.

79. All Class members are identified by first and last name on the Class List, and at least one e-mail address and postal address is available for each Class Member in Defendant's records. Within ten (10) days of the Preliminary Approval Date, Defendant shall provide the Settlement Administrator with all e-mail and postal addresses available in its records for all Class Members, subject to the Settlement Administrator executing an agreement (in a form satisfactory to Defendant) to maintain the confidentiality of such records and to destroy them upon the Effective Date.

80. Dissemination of the Class Notice to the Class. By no later than the Notice Date, the Settlement Administrator shall deliver the Class Notice directly to each and every Class Member, via both e-mail (Ex. A) and postal mail (Ex. B (double-sided, perforated postcards, with the contents concealed until opened), in the forms attached hereto as **Exhibits A-B**, sent to the e-mail and postal addresses available for Class Members in Defendant's records (or any more current

addresses for Class Members identified by the Settlement Administrator through searches of the National Change of Address Directory or other publicly accessible databases).

81. The Class Notices sent to Class Members (by both postal mail and e-mail) will, in addition to providing the general information about the Action and the Settlement reflected in **Exhibits A-B** hereto, specifically advise each Class Member of the Court's Order Granting Plaintiffs' Motion for Class Certification, the number of Subclasses to which he or she belongs, the number of Settlement Shares to which he or she is entitled to receive under the Settlement, and the minimum amount of the Cash Award that he or she will receive pursuant to the Settlement within sixty (60) Days of the Effective Date; that Class Members need not submit claim forms to receive Cash Awards; of the Opt-Out and Objection Date (and that the long-form Class Notice available on the Settlement Website contains specific instructions for submitting requests for exclusion and objections); and of the ability of Class Members to submit forms on the Settlement Website to change the address at which their Cash Award should be sent upon the Effective Date or to request their Cash Award be sent to them by electronic payment in lieu of by check.

82. If the Class Notice sent to a Class Member by postal mail is returned as undeliverable, the Settlement Administrator shall take all reasonable measures (including utilizing the National Change of Address Directory and any other public databases) to locate a more current or alternative address for the Class Member and thereafter send the Class Notice to such Class Member at any more current or alternative address that is located.

83. At least fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court a declaration attesting to its compliance with the provisions of the Settlement Agreement related to Class Notice.

## VI. RELEASES

84. Upon the Effective Date, the Releasing Parties will be deemed to have, and by operation of the Final Order and Judgment will have, released the Released Parties from all Released Claims. Again, Released Claims means all liabilities, claims, actions, causes of action, demands, damages, including punitive, special or exemplary damages, attorneys' fees, costs or expenses of suit, injunctive relief, declaratory relief, specific performance, prejudgment or post-judgment interest, penalties, losses, or remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based upon, resulting from, arising out of, or relating to any disclosure or transmission of personally identifiable information made by or on behalf of Defendant to any person or entity at any time during the Relevant Time Period, including, but not limited to, any and all such claims for violation of the Video Privacy Protection Act arising out of, based upon, resulting from, or relating to any facts alleged or that could have been alleged in the Action. Released Claims shall comprise any such claims against Defendant, including each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and the present and former directors, executives, members, managing members, officers, employees, insurers, shareholders, attorneys, advisors, representatives, partners, and any firm, trust, corporation or other entity in which Defendant has a controlling interest. Notwithstanding the foregoing, Released Claims shall not include the right of any Releasing Person to enforce the terms of the Settlement contained in the Settlement Agreement, and shall not include any claims of any Class Members who have become Opt-Outs by timely requesting exclusion from the Class.

85. Nothing in this Release is intended to, does or shall be deemed to release any claims other than those described above arising out of, based upon, resulting from, or relating to the allegations asserted in the Action.

86. Class Members, except for Opt-Outs, shall be permanently barred and enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as individuals, class members or otherwise), any lawsuit in any jurisdiction for any Released Claims; or (ii) organizing any settlement class members into a separate class for purposes of pursuing as a purported class action any lawsuit for any Released Claims.

## VII. APPROVAL PROCESS

87. Court Approval. On or before September 14, 2026, Class Counsel shall file with the Court a Motion for Preliminary Approval, together with this Settlement Agreement and its Exhibits, to request that the Court grant Preliminary Approval of the Settlement on the terms set forth in the Settlement Agreement, appoint the Settlement Administrator to administer the Settlement, approve and authorize the commencement of the Class Notice Program and the dissemination of the Class Notice (in the form and manner set forth herein), issue a Preliminary Approval Order in the form attached hereto as **Exhibit E**, and schedule a Final Approval Hearing to consider whether the Settlement should be granted Final Approval and whether the Attorneys' Fee and Expense Award should be approved.

88. In the Motion for Preliminary Approval, Class Counsel shall request that the Court schedule the Final Approval Hearing for a date that is one-hundred twenty (120) days after entry of the Preliminary Approval Order or as soon thereafter as convenient for the Court.

89. Defendant shall, no later than ten (10) Days after the filing of the Motion for Preliminary Approval, serve the CAFA Notice (or cause the Settlement Administrator to serve the CAFA Notice on its behalf) in full compliance with 28 U.S.C. § 1715.

90. If the Motion for Preliminary Approval is granted, Class Counsel shall be responsible for asking the Court to grant Final Approval of the Settlement and to enter a Final Approval Order and Judgment, in the form attached hereto as **Exhibit D**, at least fourteen (14) days prior to the date set by the Court for the Final Approval Hearing.

91. If the Court does not enter a Preliminary Approval Order or a Final Approval Order and Judgment in all material respects, as set forth herein, or if the Final Approval Order is reversed, vacated, overturned, or rendered void by any court, this Agreement shall terminate and be of no force or effect, except as otherwise set forth in this Agreement, unless in such event the Parties voluntarily agree to modify this Agreement in a manner aimed at obtaining Court approval. In the event of any such termination after Defendant has deposited or caused to be deposited the money required to establish Settlement Fund in accordance with this Agreement, the entire Settlement Fund shall belong to and be returned to Defendant (and/or its insurer). Notwithstanding any provision of this Agreement, the Parties agree that any decision by any court as to any Attorneys' Fee and Expense Award, as described in Section IV, including any decision by any court to award less than the amount sought, shall not prevent the Agreement from becoming effective, prevent the Final Order and Judgment from being entered, or provide any grounds for termination of the Agreement or the Settlement.

92. Procedures for Objecting to the Settlement. Class members shall have the right to appear and show cause if they have any reason why any terms of this Agreement should not be approved, subject to the provisions of this Section.

93. Any Class Member who intends to object must do so on or before the Opt-Out and Objection Date. Any attempted objection that fails to comply with the requirements set forth herein shall be void. The long-form Class Notice shall contain language consistent with the provisions

set forth herein, and the short-form Class Notices shall direct Class Members to the long-form Class Notice on the Settlement Website to obtain such information.

94. Any objection to this Settlement Agreement, including any of its terms or provisions, including to any Attorneys' Fee and Expense Award requested by Class Counsel, must be in writing and be either (a) filed with the Court on the docket of the Action by no later than the Opt-Out and Objection Date, or (b) mailed to the Settlement Administrator and the Clerk of the Court, at the addresses set forth in the long-form Class Notice, postmarked no later than the Opt-Out and Objection Date. Class members may object either on their own or through an attorney hired at their own expense. The Settlement Administrator shall promptly post any such objection to the Settlement Website (within one (1) Day of the objection being filed on the docket of the Action or its receipt by the Settlement Administrator in the mail).

95. Any objection regarding or related to the Settlement (including to the Attorneys' Fee and Expense Award) shall contain a caption or title that identifies it as "Objection to Class Settlement in *Kueppers et al. v. Zumba Fitness, LLC*, No. 0:24-cv-61983-WPD (S.D. Fla.)" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector; and (iii) the factual basis and legal grounds for the objection, including any documents or information sufficient to establish that the objector is a Class Member. If an objecting Class Member chooses to appear at the Final Approval Hearing, then by no later than the Opt-Out and Objection Date, a notice of intention to appear, either in person or through an attorney, shall be either filed with the Court on the docket of the Action or mailed to the Settlement Administrator and the Clerk of the Court, and shall list the name, address, and telephone number of the person and/or any attorney who will appear.

96. Any Class Member wishing to object to any aspect of the Settlement (including to the Attorneys' Fee and Expense Award) who fails to timely comply with the applicable provisions of this Section shall waive and forfeit any and all rights he or she may have to object to the Settlement (including to the Attorneys' Fee and Expense Award), shall be precluded from seeking review of this Agreement by appeal or other means, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Action. By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to any subpoenas and discovery.

97. Motion for Final Approval and Right to Respond to Objections. Class Counsel shall move for Final Approval of the Settlement by filing a Motion for Final Approval no later than fourteen (14) days prior to the Final Approval Hearing, and the Settlement Administrator shall promptly (within one (1) Day of filing) post a copy of such motion on the Settlement Website.

98. Class Counsel and the Parties shall have the right, but not the obligation, to respond to any objection no later than fourteen (14) days prior to the Final Approval Hearing. The Party so responding shall file a copy of the response with the Court on the docket of the Action, and shall serve a copy, by hand or overnight delivery, to the objector (or any counsel for the objector), and the Settlement Administrator shall promptly (within one (1) Day of filing) post a copy of such response on the Settlement Website.

99. Opt-Outs. Any Class Member who does not wish to participate as a member of the Class in the Settlement must write to the Settlement Administrator stating an intention to be "excluded" from the Class. This written request for exclusion must be sent via first class U.S. Postal Mail to the Settlement Administrator at the address set forth in the long-form Class Notice and postmarked no later than the Opt-Out and Objection Date. A request for exclusion must include

the name of the Action, be signed by the Class Member, and must include such individual's name, postal address, and e-mail address, and must clearly state that the person wishes to be excluded from the Class. A request for exclusion that does not contain this information or that otherwise leaves the Settlement Administrator unable to identify the person submitting the request as a Class Member, or that is sent to an address other than the address designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid.

100. To the extent the Settlement Administrator receives a request for exclusion that fails to comply with the requirements of the foregoing paragraph, or that the Settlement Administrator is unable to verify was submitted by a Class Member, the Settlement Administrator shall contact the person (by e-mail and/or telephone) to advise the person of such deficiency and afford the person an opportunity to cure the deficiency by the Opt-Out and Objection Date by complying with the terms of the foregoing paragraph or, as necessary, to provide the Settlement Administrator sufficient additional information to verify that the person is a Class Member.

101. Any Class Member who submits a request for exclusion may not file an objection to the Settlement, and any purported objection filed by a Class Member who has requested exclusion shall be deemed a nullity. If a Class Member submits a timely written request for exclusion in compliance with the terms of this Section, he or she shall be deemed an Opt-Out and shall not be bound by the Agreement if approved by the Court.

102. After Class Notice is disseminated and the Opt-Out and Objection Date has passed, and by no later than fourteen (14) Days prior to the Final Approval Hearing, Plaintiffs shall request and seek to obtain from the Court a Final Approval Order and Judgment, substantially in the form attached hereto as **Exhibit D**, which will (among other things):

a. find that the Court has personal jurisdiction over the Parties and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits hereto;

b. approve the Settlement Agreement and the proposed Settlement pursuant to Rule 23 as fair, reasonable, and adequate as to, and in the best interests of, Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties with respect to the Released Claims;

c. find that the Class Notice and the Class Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object to or exclude themselves, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice and satisfy all requirements of Rule 23; and (4) meet all applicable requirements of the civil procedure, the Due Process Clause of the United States Constitution, and the rules of the Court; and

d. dismiss the Action (including all individual claims and Class Members' claims asserted therein) on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement and as ordered by the Court; incorporate the Releases set forth above in Section VI, make those Releases effective as of the date of the Final Approval Order and Judgment.

## VIII. TERMINATION OF THE AGREEMENT

103. Conditions Under Which Either Party May Terminate the Agreement. Plaintiffs and Defendant will each have the right, but not the obligation, to unilaterally terminate this Agreement by providing written notice of her or its election to do so ("Termination Notice") to the other Party hereto within ten (10) Days of any of the following occurrences:

a. the Court materially rejects, materially modifies, materially amends or changes, or expressly declines to issue a Preliminary Approval Order or a Final Approval Order and Judgment materially consistent with this Agreement in the course of adjudicating any request to approve the Settlement Agreement;

b. an appellate court materially reverses the Final Approval Order and Judgment and the Settlement Agreement is not reinstated without material change by the Court on remand;

c. the Court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order and Judgment, or the Settlement Agreement in material respect, unless such modification or amendment is accepted in writing by all Parties, except that, as provided above, the Court's approval of the requested Attorneys' Fee and Expense Award, or its amount, is not a material condition of the Settlement; or

d. the Effective Date does not occur.

104. Revert To Status Quo If Plaintiffs or Defendant Terminates. If either Plaintiffs or Defendant terminates this Agreement as provided in this Section, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated.

## IX. MISCELLANEOUS PROVISIONS

105. Cooperation of the Parties. The Parties acknowledge that it is their intent to consummate this Agreement, and they agree to fully cooperate and to take all reasonable steps and actions necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement. The Parties agree that they will not solicit, facilitate, or assist in any way, requests for exclusions or objections by Class members. Class Counsel and Defense Counsel recognize that they have an obligation to support the Settlement and to seek the Court's final approval of its terms. Class Counsel will abide by all applicable and governing ethical rules, opinions, and obligations precluding their representation of opt-outs.

106. Interpretation. This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior discussions, agreements, or understandings among them as well as any and all prior drafts of this Settlement Agreement. All terms are contractual. For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party, and the Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

107. Confidential Information. The Parties agree that the names, addresses, telephone numbers, and other data and materials concerning Class members, including the Class List, used in effecting this Settlement ("Confidential Information") are highly confidential. Therefore, it is agreed that no Person, other than individuals directly employed by Defendant or to whom Defendant has expressly permitted access; the Settlement Administrator and the employees of such Administrator; and such other Persons as the Court may order after hearing on notice to all counsel of record, shall be allowed to access any Confidential Information.

108. Binding Effect. The terms herein are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest, and successors, as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto, including any Class Members.

109. Headings. The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

110. No Rescission on Grounds of Mistake. The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake. Moreover, the Parties understand, agree, and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

111. Amendment or Modification. This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel. Amendments and modifications may be made without notice to the Class unless notice is required by law or by the Court.

112. Integration of Exhibits. Any exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

113. Jurisdiction. The United States District Court for the Southern District of Florida has jurisdiction over the Parties to this Settlement Agreement for the purposes of this Settlement and any action brought to enforce this Settlement.

114. Governing Law. This Settlement Agreement shall be governed and enforced by, and construed in accordance with, the internal substantive laws of the State of Florida.

115. Counterparts. This This Agreement may be executed in one or more counterparts. All executed counterparts will be deemed to be one and the same instrument.

116. No Assignment. Plaintiffs and Class Counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

117. No Waiver. The waiver by any Party of any breach of this Settlement Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

118. Authority. The Parties represent and warrant that the Persons signing this Settlement Agreement on their behalf have full power and authority to bind them to the terms of this Settlement Agreement. Any Person executing this Settlement Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Settlement Agreement to all of the terms and provisions of this Settlement Agreement.

IN WITNESS WHEREOF, the Parties have executed and caused this Settlement Agreement to be executed by their duly authorized representatives below.

**PLAINTIFF CATHERINE KUEPPERS**

Cat Montty (Sep 12, 2026 01:22:32 EDT) Date: 09/11/2026

Catherine Kueppers

**PLAINTIFF WATANYA BROWN**

wTanya c. (Sep 11, 2026 18:01:36 CDT) Date: 9/11/2026

Watanya Brown

**DEFENDANT ZUMBA FITNESS, LLC**

Scott Chitoff (Sep 14, 2026 11:41:55 EDT) Date: Sep 14, 2026

By: Scott Chitoff
Its: Chief Legal Officer

**CLASS COUNSEL (AS TO FORM):**

Date: September 11, 2026

By:
Frank S. Hedin
HEDIN LLP
1395 Brickell Ave., Suite 610
Miami, Florida 33131

**DEFENSE COUNSEL (AS TO FORM):**

Date: Sep 14, 2026

By: Matthew Green
Matthew Green (Sep 14, 2026 11:14:49 EDT)
Matthew Green
COLE SCOTT & KISSANE, P.A.
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301

# EXHIBIT A

## (Proposed Short-Form Email Notice)

**TO:** «Email Address»
**FROM:** "Zumba VPPA Settlement" «info@ZumbaVPPASettlement.com »
**SUBJECT:** Zumba VPPA Settlement – You are Eligible for a Settlement Payment

---

**LEGAL NOTICE**

*Kueppers et al. v. Zumba Fitness, LLC*
Case No. 0:24-cv-61983-WPD
United States District Court for the Southern District of Florida

**A PROPOSED SETTLEMENT REACHED IN A CERTIFIED CLASS ACTION LAWSUIT AGAINST ZUMBA FITNESS, LLC MAY AFFECT YOUR RIGHTS AND ENTITLE YOU TO A CASH PAYMENT.**

*A court has authorized this notice. This is not a solicitation from a lawyer. You are not being sued.*
***Please read this Notice carefully and completely.***

Dear «First» «Last»:

A Settlement has been reached with Zumba Fitness, LLC ("Zumba") in a certified class action lawsuit.

In the lawsuit, the Plaintiffs (or Class Representatives) allege that Zumba violated a federal law called the Video Privacy Protection Act (18 U.S.C. § 2710, *et seq.*) by purportedly using third-party digital tracking technologies to knowingly transmit certain personally identifiable information ("PII") about its customers' purchases to Meta Platforms, Inc. ("Meta"), MNTN, Inc. ("MNTN"), and Pinterest, Inc. ("Pinterest"). Zumba denies that it did anything wrong, and the Court has not decided who is right.

The Court has "certified" a Class and three Subclasses, meaning that the people who filed the lawsuit can represent everyone in a similar position. A copy of the Court's Order granting class certification, as well as additional information about this case, is available online at **www.ZumbaVPPASettlement.com**.

The parties have agreed to settle the lawsuit (the "Settlement") to avoid the risks and uncertainties of continued litigation. A copy of the proposed Settlement Agreement, as well as additional information about the proposed Settlement, is available online at **www.ZumbaVPPASettlement.com**.

**Am I a member of the Class? YES.** The Class includes 4,543 people who purchased the "on-demand" (or "online") version of the "Zumba Basic 1" instructor training course from Zumba on its Zumba.com website from October 22, 2022, through October 22, 2024, and Zumba's records and certain third-party records indicate that you are one of these people.

The Court has certified three Subclasses, each comprised of Class members whose personal information was allegedly received by a particular third party. These are the Meta Disclosure Subclass, the Pinterest Disclosure Subclass, and the MNTN Disclosure Subclass. Class Members may be part of one, two, or all three of the Subclasses.

**What Benefits Does the Settlement Provide?** Under the proposed settlement, Zumba has agreed to pay $2.7 million, which shall be used to pay all attorneys' fees and costs, settlement administration expenses, and cash awards to Class Members. If the Settlement is granted final approval by the Court, each Class Member will

automatically receive a payment of at least $228.78 for each Subclass to which he or she belongs. You do not need to submit a claim form to receive a Settlement payment.

**You are part of «SubclassCount» Subclasses: the [[Names of Subclasses]].**

**If the Court approves the Settlement, you will automatically receive a Settlement payment by check sent to the following address:**

**[[Postal Address to Which Class Member's Check Will Be Sent]]**

**The amount of your payment will be at least $«AwardAmount».**

You may change the address where your check will be sent, or elect to receive payment electronically, at www.ZumbaVPPASettlement.com.

**Do I have an attorney?** The Court has appointed attorneys Frank S. Hedin and Tyler K. Somes of Hedin LLP as Class Counsel to represent you and the Class. You do not have to pay any money to Class Counsel out of pocket. Class Counsel will be paid for their services from the Settlement Fund if the Settlement is approved. Class Counsel may be reached by e-mail at fhedin@hedinllp.com or tsomes@hedinllp.com, or by postal mail at Hedin LLP, 1395 Brickell Ave., Ste 610, Miami, FL 33131.

**What if I don't want to participate in the lawsuit or want to object to the Settlement?** If you do not want to be part of the Class or do not like the Settlement for any reason, you may exclude yourself from Class (and the Subclasses to which belong) or object to the Settlement. If you exclude yourself, you cannot recover any money from the Settlement, but you will retain the right to sue Zumba on your own for the claims made in this lawsuit. If you wish to exclude yourself or object to the Settlement, you must do so by **[Opt-Out/Objection Deadline]** in the manner described in the long-form Class Notice found at www.ZumbaVPPASettlement.com.

**When will the Court approve the Settlement?** The Court will hold a hearing in this case on **[FA Hearing Date]** at **[Court Address]**, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorneys' fees and costs. Class Counsel intend to request an award of attorneys' fees of one-third of the Settlement Fund ($900,000) and reimbursement of their out-of-pocket litigation costs (which total $97,350.81). You may attend the hearing at your own cost, but you do not have to.

This notice email is only a summary. For more information, call (XXX) XXX-XXXX or visit www.ZumbaVPPASettlement.com to obtain a copy of the long-form Class Notice and other important information and documents about the case.

**Login ID:** «ClaimLoginID»
**PIN:** «ClaimLoginPIN»

***SIMID:*** *«SIMID»*
***CaseID:*** *[CaseID]*

# EXHIBIT B

**(Proposed Short-Form Postcard Notice)**

**Why am I receiving this notice?** A proposed settlement has been reached by the parties in a certified class action lawsuit against Zumba Fitness, LLC ("Zumba") about its purported use of third-party digital tracking technologies, which Plaintiffs claim violated a federal law called the Video Privacy Protection Act, or VPPA. Zumba denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the risks and uncertainties of continued litigation. The Settlement Agreement is available at www.ZumbaVPPASettlement.com.

**Am I part of the Class? YES.** The Class includes 4,543 people who purchased the "on-demand" (or "online") version of the "Zumba Basic 1" instructor training course on Zumba.com from October 22, 2022, through October 22, 2024, and Zumba's records and certain third-party records indicate that you are one of these people.

**What does the Proposed Settlement Provide?** The Court has certified three Subclasses, each comprised of Class members whose personal information was allegedly received by a particular third party (Meta, MNTN, and/or Pinterest). Class Members may be part of one, two, or all three of the Subclasses. Under the proposed Settlement, Zumba has agreed to pay $2.7 million, and Class Members will receive at least $228.78 for each Subclass they are part of.

**You are part of «SubclassCount» Subclasses: the [[Names of Subclasses]].**

If the Court approves the Settlement, **you will automatically receive a Settlement payment** by check sent to the address to which this notice was sent (you do not need to submit a claim form). You may change the address where your check will be sent, or elect to receive payment electronically, at www.ZumbaVPPASettlement.com.

**The amount of your payment will be at least $«AwardAmount».**

---

Full details are available online at **www.ZumbaVPPASettlement.com**.

**Do I have an attorney?** The Court has appointed attorneys at Hedin LLP as Class Counsel to represent you and the Class. You will not have to pay Class Counsel out of pocket. Class Counsel will only be paid for their services out of the Settlement Fund if the Settlement is approved.

**What if I don't want to participate in the lawsuit or want to object to the settlement?** If you do not want to be part of the Class or do not like the settlement, you may exclude yourself or object to the settlement. If you exclude yourself, you cannot recover any money from the Settlement, but you will retain the right to sue Zumba on your own for the claims in the lawsuit. If you wish to exclude yourself or object, you must do so by **[Opt-Out/Objection Deadline]** in the manner described in the long-form Class Notice found at www.ZumbaVPPASettlement.com.

**When will the Court approve the Settlement?** The Court will hold a hearing in this case on **[FA Hearing Date]** at **[Court Address]**, to consider whether to approve the Settlement and Class Counsel's request for attorneys' fees of one-third of the Settlement Fund ($900,000) and litigation costs (of $97,350.81). You may attend the hearing at your own cost but you do not have to.

This notice postcard is only a summary. For more information, call **(XXX) XXX-XXXX**, visit **www.ZumbaVPPASettlement.com**, or scan the QR code below to obtain a copy of the long-form Class Notice and other important information and documents about the case.

**www.ZumbaVPPASettlement.com**

CaseID: [CaseID]
SIMID: «SIMID»

Zumba Video Privacy Protection Act Litigation
c/o Notice Administrator
P.O. Box _____
Santa Ana, CA 92799-9958

First-Class Mail
US Postage Paid
Permit #__

***Kueppers et al. v. Zumba Fitness, LLC***
Case No. 0:24-cv-61983-WPD

**A PROPOSED SETTLEMENT REACHED IN A CERTIFIED CLASS ACTION LAWSUIT AGAINST ZUMBA FITNESS, LLC MAY AFFECT YOUR RIGHTS AND ENTITLE YOU TO A CASH PAYMENT.**

*A court has authorized this Notice.*

*This is not a solicitation from a lawyer.*

*You are not being sued.*

LoginID: «ClaimLoginID»
PIN: «ClaimLoginPIN»

Postal Service: Please do not mark barcode

«IMbFullBarcodeEncoded»

«FirstName» «LastName»
«Address1» «Address2»
«City», «State» «Zip»

**This notice is only a summary. Visit www.ZumbaVPPASettlement.com or scan this QR code for complete information.**

**This notice is only a summary. Visit www.ZumbaVPPASettlement.com or scan this QR code for complete information.**

# EXHIBIT C

**(Proposed Long-Form Notice)**

**United States District Court**
**Southern District of Florida**

*Kueppers et al. v. Zumba Fitness, LLC*
Case No. 0:24-cv-61983-WPD

# NOTICE OF CLASS-ACTION CERTIFICATION & PROPOSED CLASS-ACTION SETTLEMENT

## A PROPOSED SETTLEMENT REACHED IN A CERTIFIED CLASS ACTION LAWSUIT AGAINST ZUMBA FITNESS, LLC MAY AFFECT YOUR RIGHTS AND ENTITLE YOU TO A CASH PAYMENT.

*A court authorized this notice. This is not a solicitation from a lawyer. You are not being sued.*
***Please read this Notice carefully and completely.***

- A Settlement has been reached with Zumba Fitness, LLC ("Zumba") in a certified class action lawsuit. In the lawsuit, the Plaintiffs (or Class Representatives) allege that Zumba violated a federal law called the Video Privacy Protection Act (18 U.S.C. § 2710, *et seq.*) by purportedly using third-party digital tracking technologies to knowingly transmit certain personally identifiable information ("PII") about its customers' purchases to Meta Platforms, Inc. ("Meta"), MNTN, Inc. ("MNTN"), and Pinterest, Inc. ("Pinterest"). Zumba denies that it did anything wrong, and the Court has not decided who is right.

- The Court has "certified" a Class and three Subclasses, meaning that the people who filed the lawsuit can represent everyone in a similar position. A copy of the Court's Order granting class certification, as well as additional information about this case, is available online at **www.ZumbaVPPASettlement.com**.

- The parties have agreed to settle the lawsuit (the "Settlement") to avoid the risks and uncertainties of continued litigation. A copy of the proposed Settlement Agreement, as well as additional information about the proposed Settlement, is available online at **www.ZumbaVPPASettlement.com**.

- If you received notice of this lawsuit and Settlement by e-mail or postal mail, Zumba's records and certain third-party records indicate that you are a Class Member and are entitled to benefits under the Settlement.

- Your rights are affected whether you act or don't act. ***Please read this Notice carefully and completely.***

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **DO NOTHING** | If you are a Class Member, and do nothing, **you will automatically receive a settlement payment** if the Court grants final approval of the Settlement. You will remain in the Class, and won't be able to be part of any other lawsuit against Zumba about the issues that this Settlement covers. | No deadline. |
| **OPT OUT OF THE CLASS** | You can choose to opt out of the Class and not receive a settlement payment. This option allows you to sue Zumba, or be part of another lawsuit against Zumba, about the issues that this Settlement resolves. You can hire your own lawyer at your own expense. | **[Opt-Out/Objection Deadline]** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Class, you may object to any part of the Settlement by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you will remain in the Class and automatically receive a payment if the Court grants Final Approval. | **[Opt-Out/Objection Deadline]** |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ........ 3
WHO IS IN THE SETTLEMENT ........ 4
THE SETTLEMENT BENEFITS ........ 4
HOW WILL I GET MY SETTLEMENT PAYMENT ........ 5
THE LAWYERS REPRESENTING YOU ........ 6
EXCLUDING YOURSELF FROM THE CLASS ........ 6
OBJECTING TO THE SETTLEMENT ........ 7
THE COURT'S FINAL APPROVAL HEARING ........ 8
IF I DO NOTHING ........ 8
GETTING MORE INFORMATION ........ 9

# Basic Information

## 1. Why was this Notice issued?

The United States District Court for the Southern District of Florida authorized this Notice. You have a right to know about the Court's certification of the Class and Subclasses in this lawsuit, the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to grant final approval of the proposed Settlement reached by the parties. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is called *Kueppers et al. v. Zumba Fitness, LLC*, Case No. 0:24-cv-61983-WPD. It is pending in the United States District Court for the Southern District of Florida. The people who filed this lawsuit are called the "Plaintiffs" (or "Class Representatives") and the company they sued, Zumba Fitness, LLC, is called the "Defendant."

## 2. What is this lawsuit about?

This lawsuit alleges that Zumba purportedly used third-party digital tracking technologies, commonly called "tracking pixels," on its Zumba.com website in a way that violated a federal privacy law called the Video Privacy Protection Act (or VPPA). Zumba denies that it did anything wrong.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. The individuals suing are called the "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the lawsuit for all Class Members, except for those who exclude themselves (or "opt out"). In this Settlement, the Class Representatives are Catherine Kueppers and Watanya Brown. Everyone included in this Action are the Class Members.

## 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or the Defendant are right in the lawsuit. Both sides have agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Class Members to receive

benefits from the Settlement. The Plaintiffs and their attorneys (called Class Counsel) think the Settlement is best for all Class Members.

# Who is in the Settlement?

## 5. Who is included in the Settlement?

The Court has defined the Class this way:

> **All natural persons in the United States who purchased the [on-demand version of Zumba Basic 1] from the Website, and whose first and last names appeared on "order confirmation pages" accessible at [] URLs in the possession of [Meta, Pinterest, and/or MNTN], between October 22, 2022, and October 22, 2024.**

There are 4,543 people in the Class.

The Court has defined the three Subclasses this way:

> **Meta Disclosure Subclass**: "All members of the Class whose first and last names appeared on 'order confirmation pages' accessible at [] URLs in possession of Meta."
>
> **Pinterest Disclosure Subclass**: "All members of the Class whose first and last names appeared on 'order confirmation pages' accessible at [] URLs in possession of Pinterest."
>
> **MNTN Disclosure Subclass**: "All members of the Class whose first and last names appeared on 'order confirmation pages' accessible at [] URLs in possession of MNTN."

Each Class Member is part of at least one Subclass. Class members may be part of one, two, or all three Subclasses.

## 6. Are there exceptions to being included?

If you are a member of the Class, you will be included in the Settlement unless you timely exclude yourself from the Class (or "opt out") pursuant to the terms of the Settlement Agreement. See Question 14 below for information about how to exclude yourself (or "opt out") of the Class.

If you are not sure whether you are a Class Member, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@ZumbaVPPASettlement.com
- Call toll free, 24/7: (XXX) XXX-XXXX
- By mail: Zumba VPPA Settlement<br>c/o Settlement Administrator<br>[PO Box Number]<br>Santa Ana, CA 92799-9958

You may also view the Settlement Agreement and other documents and information about the lawsuit and the Settlement at www.ZumbaVPPASettlement.com.

# The Settlement Benefits

## 7. What does the Settlement provide?

Zumba has agreed to establish a Settlement Fund of $2,700,000.00. The Court may approve certain deductions from the Settlement Fund, such as notice and administration costs and attorneys' fees and costs. The net remaining money, called the Net Settlement Fund, will be divided between Class Members based on the number of Subclasses each Class Member belongs to.

**IF YOU ARE A CLASS MEMBER, YOU WILL AUTOMATICALLY RECEIVE A SETTLEMENT PAYMENT IF THE COURT GRANTS FINAL APPROVAL, UNLESS YOU OPT OUT**
(***see* Question 14**).

Here is how each Class Member's payment will be calculated. Membership in each Subclass creates a share of the Net Settlement Fund. Class Members who are members of one Subclass will have one share; Class Members who are members of two Subclasses will have two shares; and Class Members who are members of all three Subclasses will have three shares.

If none of the Class Members opt out, there will be a total of 7,302 shares to be paid out to 4,543 Class Members. The amount of each share will be at least **$228.78**, though the final amount may be slightly larger if Class Members opt out, if administration expenses are less than expected, or if the Court awards Class Counsel less than the amount they request for an attorneys' fee and expense award.

If you are a Class Member, the specific amount of your cash payment is provided to you in the e-mail notice and postcard notice you were sent. If you believe you are a Class Member and did not receive an e-mail notice or postcard notice concerning this Settlement, please contact the Settlement Administrator at the e-mail or postal address below to confirm that you are a Class Member and, if you are, the amount of the cash payment you will receive if the Settlement is granted final approval by the Court.

If the Court grants final approval of the Settlement, Class Members will automatically receive their Settlement payments by check, which will be sent to the same addresses to which postcard notices of this Settlement were sent to Class Members by postal mail. The addresses to which Class Members' checks will be sent are also identified in the notices of this Settlement that were sent to Class Members by e-mail. Class Members may change the addresses to which their checks should be sent, and may alternatively elect to receive their payments electronically, using the web-based forms available at www.ZumbaVPPASettlement.com.

If you have questions about these payments, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@ZumbaVPPASettlement.com
- Call toll free, 24/7: (XXX) XXX-XXXX
- By mail: Zumba VPPA Settlement
  c/o Settlement Administrator
  [PO Box Number]
  Santa Ana, CA 92799-9958

### 8. What claims am I releasing if I stay in the Class?

If you stay in the Class, you won't be able to sue Zumba or be part of any other lawsuit against Zumba about the issues that this Settlement covers. The "Releases" section of the Settlement Agreement (Section VI) describes in further detail the legal claims that you give up if you remain in the Class. The Settlement Agreement is available at www.ZumbaVPPASettlement.com.

## How Will I Get My Settlement Payment?

### 9. Do I need to submit a claim to receive a Settlement payment?

No, you do not need to submit a claim to receive a Settlement payment. If you are a Class Member, **you will automatically receive a settlement payment** if the Court grants Final Approval, unless you choose to opt out of the Settlement (*see* **Question 14**).

If the Court grants final approval of the Settlement, Class Members will automatically receive their Settlement payments by check, which will be sent to the same addresses to which postcard notices of this Settlement were sent to Class Members by postal mail. The addresses to which Class Members' checks will be sent are also identified in the notices of this Settlement that were sent to Class Members by e-mail. Class Members may change the addresses to which their checks should be sent, and may alternatively elect to receive their payments electronically, using the web-based forms available at www.ZumbaVPPASettlement.com.

### 10. When will the Settlement payments be issued?

The Court will hold a final approval hearing on [FA Hearing Date] (***see*** **Question 18**). If the Court approves the Settlement, there may be appeals. We do not know if appeals will be filed, or how long it will take to resolve them if they are filed.

Settlement payments will be distributed within 60 days of the Court granting final approval of the Settlement if no appeals are filed. If any appeals are filed and the Court's approval of the Settlement is not disturbed by the result of the appeal, Settlement payments will be distributed within 60 days of the appellate decision becoming final.

## The Lawyers Representing You

### 11. Do I have a lawyer in the case?

Yes, the Court has appointed attorneys Frank S. Hedin and Tyler K. Somes of Hedin LLP to represent you and other Class Members ("Class Counsel"). Class Counsel may be reached by e-mail at fhedin@hedinllp.com or tsomes@hedinllp.com, or by postal mail at Hedin LLP, 1395 Brickell Ave., Ste 610, Miami, FL 33131.

### 12. Should I get my own lawyer?

You do not have to pay any money to Class Counsel out of pocket. Class Counsel will be paid for their services from the Settlement Fund is the Settlement is approved. If you want your own lawyer, you may hire one at your expense.

## 13. How will Class Counsel be paid?

Class Counsel intend to request an award of attorneys' fees of one-third of the Settlement Fund ($900,000) and reimbursement of their out-of-pocket litigation costs (which total $97,350.81). Any amount awarded by the Court will be paid from the Settlement Fund.

# Excluding Yourself from the Class

## 14. How do I exclude myself from (or "opt out of") the Class?

If you do not want to be part of the Settlement, you must formally ask to be excluded from the Class. This is called a Request for Exclusion, and is sometimes also called "opting out." If you opt out, you will not receive a cash payment from the Settlement, but you will keep any rights you may have to sue Zumba on your own about the legal issues in this case.

If you exclude yourself from the Class, you are telling the Court that you do not want to be part of the Settlement, and you will not be able to receive a cash payment from the Settlement.

The deadline to exclude yourself is **[Opt-Out/Objection Deadline]**.

To be valid, your Request for Exclusion must have the following information:

(1) the name of the lawsuit: *Kueppers et al. v. Zumba Fitness, LLC*, No. 0:24-cv-61983-WPD (S.D. Fla.);

(2) your full name, mailing address, and email address;

(3) personal signature; and

(4) a clear statement that you which to be excluded from the Class.

You may only exclude yourself—not any other person. For more information about how to exclude yourself from the Class, see Section VII of the Settlement Agreement, which is available on the Settlement Website.

You must mail your Request for Exclusion via first class U.S. Postal Mail to the Settlement Administrator at:

Zumba VPPA Settlement
ATTN: Exclusion Request
[PO Box Number]
Santa Ana, CA 92799-9958

To be valid, your Request for Exclusion must be postmarked by no later than **[Opt-Out/Objection Deadline]**.

# Objecting to the Settlement

## 15. How do I tell the Court that I do not like any aspect of the Settlement?

If you are a Class Member and do not like part or all of the Settlement (including Class Counsel's requested Attorneys' Fee and Expense Award), you can object to it. Objecting means telling the Court your reasons for why you think the Court should not approve any aspect of the Settlement. The Court will consider your views.

You cannot object if you have excluded yourself from the Settlement (***see* Question 14**)

Any Class Member who wishes to object must do so in writing. Any objection must contain the following:

(1) a statement that identifies your submission as an "Objection to Class Settlement in Kueppers et al. v. Zumba Fitness, LLC, No. 0:24-cv-61983-WPD (S.D. Fla.)";

(2) the objector's full name, mailing address, and telephone number;

(3) if the objector has hired his or her own lawyer in connection with the objection, the lawyer's full name, mailing address, and telephone number; and

(4) the factual basis and legal grounds for the objection, including any documents or information sufficient to establish that the objector is a Class Member.

For an objection to be valid, it must meet these requirements and be either filed with the Court on the docket of the lawsuit by no later than the **[Opt-Out/Objection Deadline]**, or be mailed to the Settlement Administrator and the Clerk of the Court, at the addresses provided below, postmarked no later than the **[Opt-Out/Objection Deadline]**.

| Clerk of the Court | Settlement Administrator |
|---|---|
| Clerk's Office<br>U.S. Federal Building and Courthouse<br>299 East Broward Boulevard #108<br>Fort Lauderdale, FL 33301 | Zumba VPPA Settlement<br>ATTN: Objections<br>[PO Box Number]<br>Santa Ana, CA 92799-9958 |

If an objector or his or her attorney chooses to appear at the Final Approval Hearing, then by no later than the Opt-Out and Objection Date, a notice of intention to appear, either in person or through an attorney, must be either filed with the Court on the docket of the lawsuit or mailed to the Settlement Administrator and the Clerk of the Court at the addresses provided above, and shall list the name, address, and telephone number of the person and/or any attorney who will appear.

## 16. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out, you cannot object to the Settlement because the Settlement no longer affects you.

# The Court's Final Approval Hearing

## 17. When is the Court's Final Approval Hearing?

The Court will hold a final approval hearing on **[Final Approval Hearing Date] at [Hearing Time] Eastern Time**, in [Court Room] of the United States District Court for the Southern District of Florida, at [Court Address].

At the final approval hearing, the Court will decide whether to approve the Settlement. The court will also decide how Class Counsel should be paid. The Court will also consider any objections to the Settlement. You may attend the final approval hearing, but you do not have to.

If you are a Class Member who objects to the Settlement, you or your lawyer may ask permission to speak at the hearing concerning your objection (***See* Question 15**).

The date and time or location of this hearing may change without further notice. Please check www.ZumbaVPPASettlement.com for any updates to the date and time or location of this hearing.

## 18. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have about the Settlement. You may attend at your own expense if you wish, but you do not have to.

If you file an objection to the Settlement, you may but do not have to come to the Final Approval Hearing to talk about it; the Court will consider it as long as it was filed or postmarked on time and complies with the requirements for filing objections (***See* Question 15**).

# If I Do Nothing

## 19. What happens if I do nothing at all?

If you are a Class Member, and you do nothing, you will automatically receive a settlement payment. You will also give up the right to sue Zumba for the claims referenced in **Question 8** and described more fully in the "Releases" section of the Settlement Agreement, which is available on the Settlement Website.

# Getting More Information

## 20. How do I get more information?

This Notice is a summary of the proposed Settlement. The full Settlement Agreement and other related documents are available at the Settlement Website, www.ZumbaVPPASettlement.com.

If you have additional questions, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@ZumbaVPPASettlement.com
- Call toll free, 24/7: (XXX) XXX-XXXX
- By mail: Zumba VPPA Settlement<br>c/o Settlement Administrator<br>[PO Box Number]<br>Santa Ana, CA 92799-9958

You may also write to or e-mail Class Counsel at the addresses provided in **Question 11** above.

You can obtain copies of publicly filed documents by visiting the office of the Clerk of the Court, U.S. Federal Building and Courthouse, 299 East Broward Boulevard #108, Fort Lauderdale, FL 33301 .

**PLEASE DO NOT CONTACT THE COURT OR CLERK OF COURT REGARDING THIS SETTLEMENT, EXCEPT IF YOU ARE SUBMITTING AN OBJECTION TO THE SETTLEMENT**

# EXHIBIT D

**(Proposed Order Granting Final Approval)**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CATHERINE KUEPPERS; and WATANYA BROWN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ZUMBA FITNESS, LLC,

Defendant.

CASE NO. 0:24-cv-61983-WPD

**[PROPOSED] ORDER AND JUDGMENT GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This matter came before the Court on Plaintiffs' Unopposed Motion for Final Approval of the Proposed Class Action Settlement (the "Motion") pursuant to Federal Rule of Civil Procedure 23(e). Following a hearing on [____________________], and based on this Court's review of the Parties' Settlement Agreement, the Motion, and all files and submissions, the Court finds good cause to **GRANT** the Motion.

**FINDINGS**:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The Court has personal jurisdiction over the Parties, and the Court has subject-matter jurisdiction over this Action.

3. The Settlement Agreement represents a fair, reasonable, and adequate resolution to this action on behalf of the Class, is in the best interests of the members of the Class, comports with all requirements of Due Process and applicable law, and satisfies the standards and applicable

requirements for final approval of this class action Settlement pursuant to Rule 23(e)(1)(A) of the Federal Rules of Civil Procedure.

4. Class Counsel and Plaintiffs adequately represented the Class throughout this litigation, including in entering into and implementing the Settlement and Settlement Agreement. The Parties adequately performed their obligations under the Settlement Agreement.

5. Class Notice was provided directly to Class Members by both e-mail and postal mail, in full compliance with Section V of the Settlement Agreement, Rule 23(e)(B)(1) of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Class Notice Program: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated under the circumstances to apprise the Class of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Final Approval Hearing, and of their right to recover monetary relief; (c) constituted reasonable, due, adequate, and sufficient notice to all Persons entitled to receive notice and satisfy all requirements of Fed. R. Civ. P. 23; and (d) met all requirements of civil procedure, the Due Process Clause, the United States Constitution, the rules of the Court, and any other applicable law (including, but not limited to, Fed. R. Civ. P. 23 and 28 U.S.C. § 1715).

6. There have been no objections filed by Class Members to the Settlement.

7. Class Counsel is entitled to an Attorneys' Fees and Expense Award by a separate order. Such an award is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting the action, and the benefits obtained for the Class.

**IT IS HEREBY ORDERED THAT:**

1. **Binding Effect**. This Final Approval Order and Judgment applies to all Released Claims that Releasing Parties may have against the Released Parties, as those terms are defined in the Settlement Agreement; has res judicata preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Released Claims against the Released Persons maintained by or on behalf of the Releasing Persons; and binds all Class Members, except those who became Opt-Outs by timely requested exclusion as outlined in the Preliminary Approval Order. Attached to this Final Approval Order and Judgment as **Exhibit A** is a conclusive and complete list of Opt-Outs.

2. **Release**. Upon entry of this Final Approval Order and Judgment, the Releasing Parties are deemed to have released and discharged Zumba Fitness, LLC and the other Released Persons from all Released Claims (as those terms are defined in the Settlement Agreement), as set forth in Section VI of the Settlement Agreement (which are incorporated herein).

3. **No Admission and Bar on Use**. Neither the Settlement Agreement nor any of its provisions, its exhibits, or related documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Approval Order and Judgment), the Settlement Agreement's negotiation, or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or concession by any person, including Defendant, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.

4. **Undertakings under the Settlement Agreement**. The Parties to the Settlement Agreement, and as applicable all other persons and entities, are ordered to perform their obligations thereunder and to refrain from engaging in any conduct prohibited by the Settlement Agreement.

The terms of the Settlement Agreement shall be deemed incorporated as if explicitly set forth herein and shall have the full force of an order of this Court.

5. **Dismissal and Continuing Jurisdiction**. This Action is hereby dismissed with prejudice; provided, however, that without affecting the finality of this Final Approval Order and Judgment, the Court retains exclusive and continuing jurisdiction over the Settlement Administrator, Defendant, Plaintiffs, and Class Members as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement, the Settlement Agreement, the Final Approval Order and Judgment, and for any other necessary purpose, until all of the terms of the Settlement Agreement have been fully carried out.

**IT IS SO ORDERED.**

Dated: ________________

______________________________
Hon. William P. Dimitrouleas
United States District Judge

# EXHIBIT E

## (Proposed Order Granting Preliminary Approval)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| CATHERINE KUEPPERS; and WATANYA BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUMBA FITNESS, LLC,<br><br>Defendant. | CASE NO. 24-CV-61983-WPD |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT**

This matter before the Court is the Unopposed Motion for Preliminary Approval of Class-Action Settlement (the "Motion") filed by Plaintiffs pursuant to Federal Rule of Civil Procedure 23(e). Based on this Court's review of the Parties' Settlement Agreement and the Motion, and all files and submissions,

**IT IS HEREBY ORDERED:**

1. The Motion is **GRANTED**.

2. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

3. Plaintiffs move, on an unopposed basis, for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions of a proposed class-action settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised on all aspects of

this dispute, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 5 of this Order.

4. This Court finds that it has jurisdiction over the subject matter of this Action and over all parties to the action.

5. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Class. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) was achieved by experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Class; (c) meets all applicable requirements of law, including, for settlement purposes only, Rule 23 of the Federal Rules of Civil Procedure, (d) is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the action or of any wrongdoing or any violation of law; and (e) nothing about Defendant's participation in settlement discussions, execution of the Settlement Agreement, and/or any actions taken and statements made in furtherance of the Settlement and/or the Settlement Agreement will be deemed an admission or waiver.

**FINAL APPROVAL HEARING**

6. The Final Approval Hearing shall be held before this Court on [date that falls at least one-hundred twenty (120) days after entry of this Preliminary Approval Order] at [Time] at [Location] to determine (a) whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should

be given final approval by the Court, including to consider any objections to the Settlement; (b) whether a judgment and order of dismissal with prejudice should be entered; and (c) whether to approve the payment of attorneys' fees, costs, and expenses to Class Counsel. The Court may adjourn the Final Approval Hearing without further notice to members of the Class, but to the extent any such adjournment occurs, the Settlement Administrator shall promptly provide notice of such adjournment, along with the new date, time, and location of the Final Approval Hearing, on the Settlement Website.

7. Plaintiffs shall file a Motion for Final Approval of the Settlement on or before [the date that falls fourteen (14) days prior to the Final Approval Hearing].

**CLASS COUNSEL AND CLASS REPRESENTATIVES**

8. In the Court's Order dated August 20, 2026 (ECF No. 85), the Court certified the following Class:

> All natural persons in the United States who purchased the ZB1 OD Version from the Website, and whose first and last names appeared on "order confirmation pages" accessible at ZB1 OD Version Order URLs in the possession of one or more Third-Party Advertisers, between October 22, 2022, and October 22, 2024.

*See* ECF No. 85.

9. In the Court's Order dated August 20, 2026 (ECF No. 85), the Court certified the following Subclasses:

- Meta Disclosure Subclass: all members of the Class whose first and last names appeared on "order confirmation pages" accessible at ZB1 OD Version Order URLs in the possession of Meta Platforms, Inc.

- MNTN Disclosure Subclass: all members of the Class whose first and last names appeared on "order confirmation pages" accessible at ZB1 OD Version Order URLs in the possession of MNTN, Inc.

- Pinterest Disclosure Subclass: all members of the Class whose first and last names appeared on "order confirmation pages" accessible at ZB1 OD Version Order URLs in the possession of Pinterest, Inc

*Id*.

10. In the Court's Order dated August 20, 2026 (ECF No. 85), the Court appointed Plaintiffs Catherine Kueppers and Watanya Brown as Class representatives, and their counsel Frank Hedin and Tyler Somes of Hedin LLP as Class Counsel. *See id*.

**NOTICE AND ADMINISTRATION**

11. The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including the notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and **Exhibits A–C** thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, apprise members of the Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Class.

12. The Court approves the request for the appointment of Simpluris, Inc. to serve as Settlement Administrator.

13. On or before [the date that falls thirty (30) days after entry of this Preliminary Approval Order] (the "Notice Date"), the Settlement Administrator shall disseminate the short-form Class Notice to all Class Members by e-mail and postal mail and establish the Settlement Website and toll-free hotline, as specified in Section V of the Settlement Agreement.

14. At least fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court a declaration attesting to its compliance with the provisions of the Settlement Agreement related to Class Notice.

**EXCLUSIONS AND OBJECTIONS**

15. Any Class Member who does not wish to participate as a member of the Class in the Settlement must write to the Settlement Administrator stating an intention to be "excluded" from the Class by no later than the Opt-Out and Objection Date, which shall be [the date that falls sixty (60) Days after the Notice Date]. This written request for exclusion must be sent via first class U.S. Postal Mail to the Settlement Administrator at the address set forth in the long-form Class Notice and postmarked no later than the Opt-Out and Objection Date. A request for exclusion must include the name of the Action, be signed by the Class Member, and must include such individual's name, postal address, and e-mail address, and must clearly state that the person wishes to be excluded from the Class. A request for exclusion that does not contain this information or that otherwise leaves the Settlement Administrator unable to identify the person submitting the request as a Class Member, or that is sent to an address other than the address designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid.

16. To the extent the Settlement Administrator receives a request for exclusion that fails to comply with the requirements of the foregoing paragraph, or that the Settlement Administrator is unable to verify was submitted by a Class Member, the Settlement Administrator shall contact the person (by e-mail and/or telephone) to advise the person of such deficiency and afford the person an opportunity to cure the deficiency by the Opt-Out and Objection Date by complying with the terms of the foregoing paragraph or, as necessary, to provide the Settlement Administrator sufficient additional information to verify that the person is a Class Member.

17. Any Class Member who submits a request for exclusion may not file an objection to the Settlement, and any purported objection filed by a Class Member who has requested exclusion shall be deemed a nullity. If a Class Member submits a timely written request for exclusion in compliance with the terms of this Section, he or she shall be deemed an Opt-Out and shall not be bound by the Agreement if approved by the Court.

18. Any members of the Class who wish to object to the Settlement or the requested Attorneys' Fee and Expense Award must do so in writing no later than the Opt-Out and Objection Date, which shall be [the date that falls sixty (60) Days after the Notice Date]. Any objection to this Settlement Agreement, including any of its terms or provisions, including to any Attorneys' Fee and Expense Award requested by Class Counsel, must be in writing and be either (a) filed with the Court on the docket of the Action by no later than the Opt-Out and Objection Date, or (b) mailed to the Settlement Administrator and the Clerk of the Court, at the addresses set forth in the long-form Class Notice, postmarked no later than the Opt-Out and Objection Date. Class members may object either on their own or through an attorney hired at their own expense. The Settlement Administrator shall promptly post any such objection to the Settlement Website (within one (1) Day of the objection being filed on the docket of the Action or its receipt by the Settlement Administrator in the mail).

19. To be valid, an objection must comply with the objection procedures set forth in the Settlement Agreement and long-form Class Notice. Any objection regarding or related to the Settlement (including to the Attorneys' Fee and Expense Award) shall contain a caption or title that identifies it as "Objection to Class Settlement in *Kueppers et al. v. Zumba Fitness, LLC*, No. 0:24-cv-61983-WPD (S.D. Fla.)" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of

any attorney for the objector; and (iii) the factual basis and legal grounds for the objection, including any documents or information sufficient to establish that the objector is a Class Member. If an objecting Class Member chooses to appear at the Final Approval Hearing, then by no later than the Opt-Out and Objection Date, a notice of intention to appear, either in person or through an attorney, shall be either filed with the Court on the docket of the Action or mailed to the Settlement Administrator and the Clerk of the Court, and shall list the name, address, and telephone number of the person and/or any attorney who will appear.

20. Any Class Member wishing to object to any aspect of the Settlement (including to the Attorneys' Fee and Expense Award) who fails to timely comply with the applicable provisions of this Section shall waive and forfeit any and all rights he or she may have to object to the Settlement (including to the Attorneys' Fee and Expense Award), shall be precluded from seeking review of this Agreement by appeal or other means, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Action. By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

**OTHER MATTERS**

21. Class Counsel shall file a motion for any Attorneys' Fees and Expense Award on or before [the date that falls twenty-one (21) days before the Opt-Out and Objection Date], and the Settlement Administrator shall, within one (1) day of the filing of such motion, post a copy of the motion to the Settlement Website.

22. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

23. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

**IT IS SO ORDERED.**

Dated: ________________

______________________________
Hon. William P. Dimitrouleas
United States District Judge