**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CATHERINE KUEPPERS; and WATANYA BROWN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ZUMBA FITNESS, LLC,

Defendant.

CASE NO. 24-CV-61983-WPD

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT**

This matter before the Court is the Unopposed Motion for Preliminary Approval of Class-Action Settlement (the "Motion") filed by Plaintiffs pursuant to Federal Rule of Civil Procedure 23(e). Based on this Court's review of the Parties' Settlement Agreement and the Motion, and all files and submissions,

**IT IS HEREBY ORDERED:**

1. The Motion is **GRANTED**.

2. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

3. Plaintiffs move, on an unopposed basis, for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions of a proposed class-action settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised on all aspects of

this dispute, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 5 of this Order.

4. This Court finds that it has jurisdiction over the subject matter of this Action and over all parties to the action.

5. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Class. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) was achieved by experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Class; (c) meets all applicable requirements of law, including, for settlement purposes only, Rule 23 of the Federal Rules of Civil Procedure, (d) is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the action or of any wrongdoing or any violation of law; and (e) nothing about Defendant's participation in settlement discussions, execution of the Settlement Agreement, and/or any actions taken and statements made in furtherance of the Settlement and/or the Settlement Agreement will be deemed an admission or waiver.

**FINAL APPROVAL HEARING**

6. The Final Approval Hearing shall be held before this Court on **Thursday, January 21st, 2027** at 1:00pm at Courtroom 205B at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida to determine (a) whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and

should be given final approval by the Court, including to consider any objections to the Settlement; (b) whether a judgment and order of dismissal with prejudice should be entered; and (c) whether to approve the payment of attorneys' fees, costs, and expenses to Class Counsel. The Court may adjourn the Final Approval Hearing without further notice to members of the Class, but to the extent any such adjournment occurs, the Settlement Administrator shall promptly provide notice of such adjournment, along with the new date, time, and location of the Final Approval Hearing, on the Settlement Website.

7. Plaintiffs shall file a Motion for Final Approval of the Settlement on or before January 7th, 2027.

**<u>CLASS COUNSEL AND CLASS REPRESENTATIVES</u>**

8. In the Court's Order dated August 20, 2026 [DE 85], the Court certified the following Class:

> All natural persons in the United States who purchased the ZB1 OD Version from the Website, and whose first and last names appeared on "order confirmation pages" accessible at ZB1 OD Version Order URLs in the possession of one or more Third-Party Advertisers, between October 22, 2022, and October 22, 2024.

*See* DE 85.

9. In the Court's Order dated August 20, 2026 [DE 85], the Court certified the following Subclasses:

- Meta Disclosure Subclass: all members of the Class whose first and last names appeared on "order confirmation pages" accessible at ZB1 OD Version Order URLs in the possession of Meta Platforms, Inc.

- MNTN Disclosure Subclass: all members of the Class whose first and last names appeared on "order confirmation pages" accessible at ZB1 OD Version Order URLs in the possession of MNTN, Inc.

- Pinterest Disclosure Subclass: all members of the Class whose first and last names appeared on "order confirmation pages" accessible at ZB1 OD Version Order URLs in the possession of Pinterest, Inc

*Id*.

10. In the Court's Order dated August 20, 2026 [DE 85], the Court appointed Plaintiffs Catherine Kueppers and Watanya Brown as Class representatives, and their counsel Frank Hedin and Tyler Somes of Hedin LLP as Class Counsel. *See id*.

**NOTICE AND ADMINISTRATION**

11. The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including the notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and **Exhibits A–C** thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, apprise members of the Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Class.

12. The Court approves the request for the appointment of Simpluris, Inc. to serve as Settlement Administrator.

13. On or before **October 15, 2026** (the "Notice Date"), the Settlement Administrator shall disseminate the short-form Class Notice to all Class Members by e-mail and postal mail and establish the Settlement Website and toll-free hotline, as specified in Section V of the Settlement Agreement.

14. At least fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court a declaration attesting to its compliance with the provisions of the Settlement Agreement related to Class Notice.

**EXCLUSIONS AND OBJECTIONS**

15. Any Class Member who does not wish to participate as a member of the Class in the Settlement must write to the Settlement Administrator stating an intention to be "excluded" from the Class by no later than the Opt-Out and Objection Date, which shall be **December 14, 2026**. This written request for exclusion must be sent via first class U.S. Postal Mail to the Settlement Administrator at the address set forth in the long-form Class Notice and postmarked no later than the Opt-Out and Objection Date. A request for exclusion must include the name of the Action, be signed by the Class Member, and must include such individual's name, postal address, and e-mail address, and must clearly state that the person wishes to be excluded from the Class. A request for exclusion that does not contain this information or that otherwise leaves the Settlement Administrator unable to identify the person submitting the request as a Class Member, or that is sent to an address other than the address designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid.

16. To the extent the Settlement Administrator receives a request for exclusion that fails to comply with the requirements of the foregoing paragraph, or that the Settlement Administrator is unable to verify was submitted by a Class Member, the Settlement Administrator shall contact the person (by e-mail and/or telephone) to advise the person of such deficiency and afford the person an opportunity to cure the deficiency by the Opt-Out and Objection Date by complying with the terms of the foregoing paragraph or, as necessary, to provide the Settlement Administrator sufficient additional information to verify that the person is a Class Member.

17. Any Class Member who submits a request for exclusion may not file an objection to the Settlement, and any purported objection filed by a Class Member who has requested exclusion shall be deemed a nullity. If a Class Member submits a timely written request for exclusion in compliance with the terms of this Section, he or she shall be deemed an Opt-Out and shall not be bound by the Agreement if approved by the Court.

18. Any members of the Class who wish to object to the Settlement or the requested Attorneys' Fee and Expense Award must do so in writing no later than the Opt-Out and Objection Date, which shall be **December 14, 2026**. Any objection to this Settlement Agreement, including any of its terms or provisions, including to any Attorneys' Fee and Expense Award requested by Class Counsel, must be in writing and be either (a) filed with the Court on the docket of the Action by no later than the Opt-Out and Objection Date, or (b) mailed to the Settlement Administrator and the Clerk of the Court, at the addresses set forth in the long-form Class Notice, postmarked no later than the Opt-Out and Objection Date. Class members may object either on their own or through an attorney hired at their own expense. The Settlement Administrator shall promptly post any such objection to the Settlement Website (within one (1) Day of the objection being filed on the docket of the Action or its receipt by the Settlement Administrator in the mail).

19. To be valid, an objection must comply with the objection procedures set forth in the Settlement Agreement and long-form Class Notice. Any objection regarding or related to the Settlement (including to the Attorneys' Fee and Expense Award) shall contain a caption or title that identifies it as "Objection to Class Settlement in *Kueppers et al. v. Zumba Fitness, LLC*, No. 0:24-cv-61983-WPD (S.D. Fla.)" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector; and (iii) the factual basis and legal grounds for the objection,

including any documents or information sufficient to establish that the objector is a Class Member. If an objecting Class Member chooses to appear at the Final Approval Hearing, then by no later than the Opt-Out and Objection Date, a notice of intention to appear, either in person or through an attorney, shall be either filed with the Court on the docket of the Action or mailed to the Settlement Administrator and the Clerk of the Court, and shall list the name, address, and telephone number of the person and/or any attorney who will appear.

20. Any Class Member wishing to object to any aspect of the Settlement (including to the Attorneys' Fee and Expense Award) who fails to timely comply with the applicable provisions of this Section shall waive and forfeit any and all rights he or she may have to object to the Settlement (including to the Attorneys' Fee and Expense Award), shall be precluded from seeking review of this Agreement by appeal or other means, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Action. By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

## OTHER MATTERS

21. Class Counsel shall file a motion for any Attorneys' Fees and Expense Award on or before **November 23, 2026**, and the Settlement Administrator shall, within one (1) day of the filing of such motion, post a copy of the motion to the Settlement Website.

22. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

23. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with

such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of September, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record